**Mack Alex WARREN, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. B14–82–790–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 6, 1983.

Review Granted Feb. 29, 1984.

Candelerio Elizondo, Michael Charlton, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

OPINION

ROBERTSON, Justice.

The jury rejected appellant's not guilty plea to the offense of felony theft and found he had been twice previously convicted as alleged; his punishment was life imprisonment. In this appeal, he contests the sufficiency of the evidence to prove ownership and value of the property as alleged and contends enhancement of the punishment is unauthorized because the enhancement paragraphs were never read to the jury nor was appellant's plea to them received. We affirm.

Viewing the evidence in the light most favorable to the verdict, it shows that at approximately 7:30 a.m. on the date alleged the witness Shipley observed two black males loading "something" into the back of a red four-wheel drive truck on the railroad siding across the street from his place of business. His attention was caught by the "loud metal clanging noises" coming from where they were loading the truck. Approximately thirty minutes later, the witness observed the truck had been driven about a hundred yards across a field, had become stuck in the mud, and two black males were outside the truck "unloading the truck very haphazardly." Being suspicious, he called the police who arrived and summoned the railroad authorities. The witness Haley, terminal superintendent for the Southern Pacific Transportation Company, identified the steel metal plates both inside and outside the truck as the type plates the railroad was using in rebuilding a portion of their rail line in the area. The plates had been hauled in and stored at a location on the railroad siding "roughly two hundred fifty feet" from where the truck was stuck in the mud. Two hundred ninety-five of these steel plates valued at

$4,206.70 and ten "rail anchors" were recovered from inside and outside the truck. Appellant and his co-defendant, Richard Lee Edwards, were arrested at the scene. Appellant did not testify or offer any evidence other than some hospital records showing an injury he had sustained. The court charged the jury on circumstantial evidence. We find the evidence sufficient to sustain the jury verdict.

■ In his first ground of error, however, appellant contends the evidence is insufficient to sustain the allegation that the witness Haley was the owner of the property, citing *York v. State,* 511 S.W.2d 517 (Tex.Crim.App.1974). He argues his guilt can be sustained only upon "the presumption or inference of guilt based upon recent possession of stolen property" and since the witness Haley could not positively identify the plates found in his possession as coming from the construction site or from Southern Pacific, the evidence is insufficient to sustain the verdict. We disagree. As shown by the evidence recited, a witness observed two black males loading metal objects into a truck; soon thereafter, a short distance away, he saw two black males unloading the truck. When Haley, the railroad employee having control of the railroad property (including the metal plates), arrived on the scene he identified the plates as the same kind being used in their rail line rebuilding. We do not view this as a case where the sufficiency of the evidence depends upon "the presumption or inference of guilt based upon recent possession of stolen property." We find the evidence sufficient to sustain the allegation that Haley was the owner of the property found in the possession of appellant and his codefendant. His first ground of error is overruled.

■ In his second ground of error, appellant contends the trial court erred in admitting Haley's testimony regarding the value of the steel plates "because of its hearsay nature." On direct examination Haley testified without objection that the value of each plate was $14.26 for a total of $4,206.70. On cross-examination, it was developed that he got that price "through [the railroad company's] cost department." Appellant then objected. We agree with the state's position that the matter is not reserved for our consideration because appellant's objection came too late. Were we, however, to consider the ground of error we note that proof of value by hearsay is permissible. *Esparza v. State,* 367 S.W.2d 861 (Tex.Crim.App.1963). Appellant's second ground of error is overruled.

■ In his third ground of error, appellant contends the evidence is insufficient to sustain the allegation of value. Our above discussion disposes of this ground and it is overruled.

■ In his final ground of error, appellant contends the court erred in enhancing the punishment because the indictment's allegations concerning his prior convictions were never read to the jury nor his plea thereto received. Following the receipt of the guilty verdict, a hearing was held before the court concerning the admissibility of some of the certified prison records. Following this hearing, the jury was returned to the courtroom and evidence was presented concerning appellant's previous convictions after which both sides rested. The charge requiring the jury to believe beyond a reasonable doubt that appellant had been convicted as alleged was read to the jury, arguments were made, and the jury retired. The jury returned a verdict finding the allegations were true, after which the court discharged it. The appellant was sentenced and the following occurred:

Mr. Elizondo (defense counsel):
Your Honor, it's come to my knowledge that the enhancement paragraphs were not read to the defendant prior to proceeding on the punishment phase. And for the record we would object to that and ask for a mistrial.

The Court: All right, that motion is overruled.

We doubt this matter is properly preserved for review. While the record sufficiently shows appellant's *contention* to have been that the indictment was not read to the jury, there is no showing, *in fact,* of this non-occurrence. However, since the form

judgment has stricken therefrom the recitation that the enhancement allegations were read to the jury, we will, nevertheless, address appellant's contention.

Appellant relies upon those cases of the Court of Criminal Appeals beginning with *Essary v. State*, 53 Tex.Cr.R. 596, 111 S.W. 927 (1908), holding it mandatory to read the indictment to the jury and receive the accused's plea thereto. This rule has been applied to the punishment phase in our bifurcated trial procedure. *Trammell v. State*, 445 S.W.2d 190 (Tex.Crim.App.1969). However, in all cases cited by appellant, the failure to read the indictment to the jury was discovered and called to the attention of the trial judge when the omission could be cured. In this case, the verdict had been received, the jury had been discharged and appellant had been sentenced before the matter was brought to the attention of the trial court. Under these circumstances we hold appellant waived the reading of the allegations of prior convictions. Even the *Essary* court recognized that "conduct and acts upon the part of the defendant" may "in fairness, be treated and regarded as a waiver." 111 S.W. at 931. Appellant's fourth ground of error is overruled.

The judgment is affirmed.