**Mack Alex WARREN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1033–83.**

Court of Criminal Appeals of Texas, En Banc.

June 19, 1985.

Michael B. Charlton, Candelario Elizondo, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Karen Zellars, Donald Davis & Calvin Hart-

mann, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

A jury found appellant guilty of the offense of theft and found both enhancement paragraphs to be true. Appellant's punishment was assessed at life imprisonment in accordance with V.T.C.A. Penal Code, Sec. 12.42(d), prior to 1983 Amendment. The Court of Appeals, Fourteenth Supreme Judicial District, affirmed the conviction. 681 S.W.2d 68.

Appellant contends that the court of appeals erred in holding that he waived the reading of the enhancement paragraphs to the jury and failed to have his plea entered to those paragraphs.

At the punishment phase evidence was introduced to prove the enhancement allegations. The court instructed the jury on the law and the jury found both enhancement allegations to be true. The trial court assessed appellant's punishment at life and dismissed the jury from further service.

At this time appellant objected:

Mr. Elizondo: Your Honor, it's come to my knowledge that the enhancement paragraphs were not read to the defendant prior to proceeding on the punishment phase. And for the record we would object to that and ask for a mistrial.

The Court: All right, that motion is overruled.

The jury charge did not contain a statement that the appellant had pleaded to the enhancement allegations. Furthermore, the judgment, signed by the trial judge, had deleted the recitation that the enhance-

ment allegations were read to the jury and that the defendant entered his plea.

The court of appeals held that appellant waived the reading of the allegations of the prior convictions. The issue before this Court is whether appellant properly preserved the error by way of his motion for mistrial after the jury was dismissed.[1]

The statutes relevant to the disposition of this issue are Arts. 36.01 and 44.24, V.A.C.C.P. Art. 36.01 states:

A jury being impaneled in any criminal action, the cause shall proceed in the following order:

1. The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07.

2. The special pleas, if any, shall be read by the defendant's counsel, and if the plea of not guilty is also relied upon, it shall also be stated.

 The reading of the indictment has long been held to be mandatory.[2] *Essary v. State*, 53 Tex.Cr.R. 596, 111 S.W. 927 (Tex.Cr.App.1908); *Hearne v. State*, 58 S.W. 1009 (Tex.Cr.App.1900); *Barbee v. State*, 32 Tex.Cr.R. 170, 22 S.W. 402 (Tex. Cr.App.1893). The rationale for the rule is to inform the accused of the charges against him and to inform the jury of the precise terms of the particular charge against the accused. *Essary*, supra. Without the reading of the indictment and the entering of a plea, no issue is joined upon which to try. *Peltier v. State*, 626 S.W.2d 30 (Tex.Cr.App.1981); *Messenger v. State*, 81 Tex.Cr.R. 465, 198 S.W. 330 (Tex. Cr.App.1917); *Webb v. State*, 55 S.W. 493 (Tex.Cr.App.1900); *Essary*, supra. This mandatory provision of Art. 36.01 is applicable to the penalty stage of a bifurcated trial. *Trammell v. State*, 445 S.W.2d 190

---

1. Art. 36.01, V.A.C.C.P.

2. The provision addressed by the court in *Essary*, Art. 697, V.A.P.C., was repealed and replaced by Art. 36.01, V.A.C.C.P.

(Tex.Cr.App.1969). *Peoples v. State,* 459 S.W.2d 868 (Tex.Cr.App.1970).

■ Error which results from not reading the indictment (or enhancement allegations) and not entering a plea can be cured at trial. The procedure to be followed has been long established: upon learning of the error, the indictment is read to the jury, the accused enters a plea and the State reintroduces the evidence; or the parties may stipulate to the evidence. *Welch v. State,* 645 S.W.2d 284 (Tex.Cr.App.1983); *Peoples,* supra; *Trammell,* supra; *Essary,* supra; *Barber,* supra. When this is done, the issue is joined and a trial on the issue may be held.

■ However, when the error is discovered *after* the trial, the above-mentioned procedure will not cure the error. Rather, the error can be preserved by means of motion for new trial, bill of exception or motion to arrest judgment. *Mays v. State,* 51 Tex.Cr.R. 32, 101 S.W. 233 (Tex.Cr.App. 1907).

The State in the instant cause argues that appellant's objection was neither proper nor timely. The State cites *Castillo v. State,* 530 S.W.2d 952, (Tex.Cr.App.1976) for the proposition that a motion for mistrial does not preserve error. *Castillo* is distinguishable from the instant case in that *Castillo's* motion for mistrial was directed at the trial court's decision to allow the State to read the indictment to the jury after having elicited testimony from a witness. Clearly, that motion was properly overruled.

■ As to the argument directed at the timeliness of appellant's objection, we need only look to Art. 44.24, V.A.C.C.P. which states:

(a) The courts of appeals and the Court of Criminal Appeals shall presume that the venue was proved in the court below; that the jury was properly impaneled and sworn; that the defendant was arraigned; that he pleaded to the indict-

ment or other charging instrument; that the court's charge was certified by the judge and filed by the clerk before it was read to the jury, *unless such matters were made an issue in the court below, or otherwise affirmatively appears to the contrary from the record....* (emphasis added)

The record shows that appellant "made an issue" of the failure to read the indictment and enter a plea in the court below. In addition, the charge did not recite that appellant entered a plea to the enhancement allegations and the recitation in the judgment that the enhancement allegations were read and appellant pleaded thereto was crossed out. Thus the matter "affirmatively appears to the contrary from the record...." While appellant's objection was not the "proper" trial objection, it did raise the issue before the trial court. The jury had been dismissed and a motion for new trial would have the appropriate remedy: but since appellant presented the "issue" to the court at that time, it had the same effect as a motion for new trial. Thus, a motion for new trial was unnecessary. It matters not that the showing was subsequent to the conviction. *Webb,* supra.[3]

The judgment of the court of appeals is reversed. The cause is remanded to the trial court for a new trial.

ONION, P.J., concurs in the result.

---

**3.** Although pertaining to a repealed statute, this reasoning applies to Art. 44.24, V.A.C.C.P., as well.