Affirmed and Memorandum Opinion filed April 20, 2006









Affirmed
and Memorandum Opinion filed April 20, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01115-CR

____________

 

ROGER BATTERSHELL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 351st
Criminal District Court

Harris County, Texas

Trial Court Cause No. 975,051

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Roger Battershell, was
convicted of murder after entering a guilty plea before a jury; he received a
sixty-year sentence.  He contends the
trial court erred by proceeding to trial when the indictment had not been read
to the jury and by overruling his objections to the prosecutor=s comments during
jury argument.  We affirm.

Failure to Read Indictment Before Verdict Rendered

In his first point
of error, appellant contends his conviction must be reversed because the
prosecutor did not present the indictment to the jury before a verdict was
rendered.








The Texas Code of Criminal Procedure sets
out the order of a criminal jury trial, which must begin with the prosecutor
reading the indictment to the jury.  Tex. Code Crim. Proc. Ann. art.
36.01(a)(1) (Vernon Supp. 2005).  This
reading is mandatory.  Warren v. State,
693 S.W.2d 414, 415 (Tex. Crim. App. 1985). 
The reasoning behind this statutory procedure is that the indictment, as
the basis for the prosecution, informs the defendant and jury before trial Ain precise terms
of the particular charge@ against the defendant; the plea to the
indictment as read then Amakes the issue.@  Peltier v. State, 626 S.W.2d 30, 31
(Tex. Crim. App. 1981) (quoting Essary v. State, 53 Tex. Crim. 596, 111
S.W. 927, 930B31 (1908)).  Until the indictment is read and a plea is
entered, no issue has been joined between the State and the accused before the
jury.  Id.  Error in failing to join the issue before
trial can be cured at trial by reading the indictment to the jury, entering the
plea, and reintroducing or stipulating to the evidence.  Warren, 693 S.W.2d at 416.  When this is done, the issue is joined and a
trial on the issue may be held.  Id.  If the error is discovered after trial, it
can be preserved by a motion for new trial, bill of exception, or motion to
arrest judgment.  Id.  The defendant=s right to have
the charge against him read and have his plea entered therein can be waived,
but it is the State=s burden to show the defendant=s conduct
constitutes a waiver.  Peltier,
626 S.W.2d at 31; see also Smith v. State, 721 S.W.2d 844, 855
(Tex. Crim. App. 1986) (AIt is well settled that almost every
right, constitutional and statutory, may be waived by the failure to object.@).








The record shows appellant was arraigned
and entered his guilty plea before a jury. 
Appellant signed a written waiver of constitutional rights, stipulation,
and judicial confession (which included the text of the indictment against
him).  This was entered into evidence A[w]ithout
objection from Mr. Battershell.@  The trial judge accepted appellant=s plea and charged
the jury as to the guilt/innocence phase of trial.  Although the reporter=s record does not
reproduce that charge, it is in the clerk=s record.  The charge shows the trial court read the
indictment to the jury before instructing them to find appellant guilty in
accordance with his plea.  The trial
court=s judgment states
the jury heard the indictment and appellant=s plea.[1]  The record also reveals the trial court read
the indictment to the venire before the jury was empaneled.  At no time did appellant object to the
prosecutor=s failure to read the indictment.  Appellant did not file a motion for new trial
or otherwise bring this issue before the trial court.  Accordingly, appellant waived his right to
assert this error on appeal by failing to timely object or to file any
post-trial motions.  See Tex. R. App. P. 33.1; Warren,
693 S.W.2d at 416; see also Hardin v. State, 951 S.W.2d 208, 211 (Tex.
App.CHouston [14th
Dist.] 1997, no pet.) (explaining any violation of article 36.01 is waived
absent objection).  Appellant=s first point of
error is overruled.

Objections to
Prosecutor=s Argument

In his second and third points of error,
appellant contends the trial court committed reversible error by overruling his
objections to the prosecutor=s argument during
the punishment phase of trial.  There are
four areas of proper jury argument: (1) evidence summation, (2) reasonable
deductions from the evidence, (3) responses to opposing counsel=s argument, and
(4) pleas for law enforcement.  Perry
v. State, 977 S.W.2d 847, 850 (Tex. App.CHouston [14th
Dist.] 1998, no pet.).  Argument may also
include matters of common knowledge.  Id.  To determine whether a party=s argument
properly falls within one of these categories, we must consider the argument in
light of the entire record.  Magana v.
State, 177 S.W.3d 670, 674 (Tex. App.CHouston [1st
Dist.] 2005, no pet.).

Following defense counsel=s argument that
the abuse appellant suffered as a child provides some explanation for his
criminal conduct, the State=s attorney
responded in closing argument by saying:








[Prosecutor]:                   Now, they want to say we=re not providing excuses, that this
is not an excuse, it=s just an explanation for Roger
Battershell=s behavior.  I don=t know what else you call it.  We have adult survivors in our community
every day walking among us that every day make conscious decisions and --

[Defense
Counsel]: It=s not the evidence, Your Honor.

The Court:             Overruled.

[Prosecutor]:                   You know that there are people in your community
who have been abused.  That is a fact of
life, but it=s a fact of life that we as a society
depend on each other to make conscious decisions, to make voluntary decisions,
to exercise those choices and walk among us and make sure that we all feel
safe.

Although appellant=s attorney had
admitted during argument that, AThere may be some
of you who know others who have been abused by their parents and made it,@ he argues on
appeal that the prosecutor=s argument was
improper.

A prosecutor has some leeway to respond to
particular points made in defense counsel=s closing.  Longoria v. State, 154 S.W.3d 747, 764
(Tex. App.CHouston [14th Dist.] 2004, pet. ref=d).  We find the prosecutor was properly
responding to defense counsel=s prior
argument.  

A prosecutor may also argue matters of
common knowledge.  Carter v. State,
614 S.W.2d 821, 823 (Tex. Crim. App. 1981). 
Most citizens are aware there are adults in the community who have
suffered abuse.  Most citizens are also
aware these members of the community make conscious decisions every day.  The obvious implication in the prosecutor=s argumentCas is seen in its
continuationCis that adult survivors of abuse reside in
our community and make decisions not to injure others.  We find nothing impermissible in this
argument.  See Nenno v. State, 970
S.W.2d 549, 559 (Tex. Crim. App. 1998), overruled on other grounds by State
v. Terrazas, 4 S.W.3d 720, 727 (Tex. Crim. App. 1999) (finding statements
that a person does not die quickly from lack of oxygen, that defendant had to
know his only hope of getting away with crime was to kill victim, and that
defendant must have contemplated killing victim before he assaulted her were
all matters of common knowledge and were also substantiated by evidence at
trial).

Appellant also complains about the following argument:








[Prosecutor]:                   You heard some evidence --
why in the world we were hearing some evidence that turned out to be absolutely
false of him committing some burglary that didn=t happen.  That=s why we put our investigator on there to show you.  I guess if you throw enough stuff maybe
something will hit and --

[Defense
Counsel]: Objection.  [The prosecutor] knows that was a good faith
offer based on the records, Your Honor.

The Court:             Overruled.

[Defense
Counsel]: It=s casting aspersions.

The Court:             Overruled.

[Prosecutor]:                   Casting dispersions [sic] was
what was attempting to be--

[Defense
Counsel]: Objection, again, casting
aspersions.

The Court:             Overruled.

The State may not use closing argument to
accuse opposing counsel of bad faith.  Fuentes
v. State, 664 S.W.2d 333, 335 (Tex. Crim. App. 1984).  Arguments that refer to defense counsel
personally or impugn opposing counsel=s character run
the risk of impropriety.  Mosley v.
State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998).  Appellant asserts that this comment was an
improper and inflammatory jury argument used to manufacture a reason for the
jury to be upset with the defense, and that it was necessarily an attack on
defense counsel.  We disagree.  A prosecutor may properly question defensive
theories.  The record suggests the
prosecutor was not attacking defense counsel personally; instead, she was
referring to a defensive trial strategy. 
See Coble v. State, 871 S.W.2d 192, 205 (Tex. Crim. App. 1993)
(finding prosecutor=s statement that defense counsel argued
something Aridiculous@ was proper
because it was directed at defense counsel=s argument, not at
defense counsel).








Even if we were to find that either or
both of the prosecutor=s comments were improper, the trial court=s error in
overruling appellant=s objections would not warrant
reversal.  Mosley, 983 S.W.2d at
259.  Non‑constitutional error does
not require reversal unless it affects a defendant=s substantial
rights.  Tex. R. App. P. 44.2.  This occurs when the error has a substantial
and injurious effect or influence upon the jury=s verdict.   Rich v. State, 160 S.W.3d 575, 577
(Tex. Crim. App. 2005).  Substantial
rights are not affected if, after examining the record as a whole, we have a
fair assurance that the error did not influence the jury, or had only a slight
effect.  Guevara v. State, 152
S.W.3d 45, 53 (Tex. Crim. App. 2004).  In
assessing the likely effect of improper jury argument in the punishment phase,
we consider:  (1) the severity of the
misconduct (prejudicial effect), (2) curative measures, and (3) the certainty
of the same punishment being assessed without the misconduct.  Hawkins v. State, 135 S.W.3d 72, 77
(Tex. Crim. App. 2004).

No curative measures were taken at trial
because appellant=s objections were overruled.  Thus, the second factor weighs in appellant=s favor.  The first and third factors, however, weigh
against a finding of harm.  The evidence
shows appellant had ingested drugs and alcohol and had been agitated
approximately six or seven hours before he took his stepfather=s rifles and
killed two men with whom he was acquainted. 
He shot one man twelve times (eight times in the face and neck),
reloading his weapon three times, and waiting several minutes between each
shooting.  There is evidence appellant
expressed no remorse for these murders and that he had thoughts of killing
other people, including his mother and stepfather.  After balancing the appropriate factors, we
find the prosecutor=s arguments, if improper, did not affect
appellant=s substantial rights.  We overrule appellant=s second and third
points of error.

Appellant=s conviction is
affirmed.

 

                                                                             

/s/      J. Harvey Hudson

Justice

 

Judgment
rendered and Memorandum Opinion filed April 20, 2006.

Panel
consists of Justices Hudson, Frost, and Seymore.

Do
Not Publish C Tex.
R. App. P. 47.2(b).    











[1]  Without an
affirmative showing otherwise, we presume the trial court=s written judgment is correct.  Breazeale v. State, 683 S.W.2d 446,
450 (Tex. Crim. App. 1984) (op. on reh=g).