NO. 07-09-00319-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



NOVEMBER
9, 2010

 



 

DAVID TULIO RODRIGUEZ, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 84TH DISTRICT COURT OF HUTCHINSON
COUNTY;

 

NO. 10,257; HONORABLE WILLIAM D. SMITH, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, David Tulio
Rodriguez, was convicted of aggravated assault[1]
of a public servant.[2]  The jury assessed appellant’s punishment at
confinement in the Institutional Division of the Texas Department of Criminal
Justice (ID-TDCJ) for 50 years and a fine of $10,000.  Appellant appeals contending that the
evidence is insufficient to sustain the judgment and that the trial court
committed reversible error by not reading the enhancement paragraphs to the
jury and/or by failing to have appellant enter a plea to the enhancements.  Disagreeing with appellant, we affirm.

Factual and
Procedural Background

            On
November 9, 2008, Sergeant Josh Akins of the Fritch Police Department was on
duty conducting traffic patrol in Fritch, Texas.  Akins’s attention was drawn to the Taylor
Mart where he observed a male carrying a trash can to the front of the
store.  Since it was 12:30 a.m. and the
store was closed, Akins found this to be suspicious conduct.  As Akins continued to observe the store, he
observed another male throw something through the door, and then the first male
went into the store.  Realizing that he
was observing a burglary in progress, Akins called for a backup unit and
proceeded without any emergency lights or siren to go to the front of the
store.  As Akins pulled up to the front
of the store, both individuals began running away.  Akins proceeded to pursue them on foot while
giving verbal commands for them to stop. 
Akins later identified the first man as the co-defendant, Jose
Martinez.  The second male, the one who
entered the store, was eventually identified as appellant.  He eventually stopped Martinez by telling him
to stop or he would “taze” him.  As Akins was putting the hand-cuffs on
Martinez, he observed appellant go around the corner toward the back of the
store.  

While continuing to attempt to get
the hand-cuffs on Martinez, Akins noticed a vehicle, later identified as a
golden-colored Pontiac Firebird.  Akins
realized that the dome light in the interior of the vehicle was on.  That struck him as unusual, and he decided
that, after cuffing Martinez, he would approach the vehicle.  Akins observed appellant run from the back of
the store to the vehicle and begin searching through the car.  Fearing appellant was looking for a weapon
and knowing Martinez did not have any weapons on him, Akins approached the
vehicle.  Akins began drawing his weapon
as he approached the vehicle.  While
approaching the vehicle, Akins told appellant not to move.  Akins ended up in front of the driver’s side
of the car looking directly at appellant. 
Akins testified that the uniform he was wearing at trial was the same
uniform he had been wearing during the encounter with appellant. 

            At
the moment Akins was in front of the car, appellant “gunned” the car.  Akins testified that the car spun its tires,
and he jumped to the side to avoid the vehicle. 
The rear of the car came directly at Akins, and he had to again step out
of the way.  Akins testified that he was
afraid that the car was going to hit him. 
As the car left, Akins fired one round from his service revolver at the
rear tire.  Appellant escaped and was not
identified and captured until several days later.  Appellant was charged with aggravated assault
on a public servant.  [3]


            During
the State’s presentation of evidence, co-defendant Martinez was called as a
witness.  Martinez testified that, after
he had handed the trash can to appellant inside the store, he stayed outside to
act as a lookout.  Martinez observed
Akins driving toward the store and told appellant, “There is a cop behind us.”  It was at this time that both Martinez and
appellant tried to flee.  

            Prior
to the trial, the State filed a notice to seek enhancement of felony punishment
range of the aggravated assault on a public servant count in the
indictment.  In the notice, the State
alleges that appellant has three prior felony convictions.  After the jury found appellant guilty of
aggravated assault on a public servant, the State offered evidence to prove up
the three prior felony convictions. 
However, the prior felony convictions were not read to the jury, nor did
appellant enter any type of plea to these prior convictions, before the State
offered proof of the priors.  The Court’s
Charge on Punishment did contain the allegations of the three prior felony
convictions and an application paragraph as to those prior convictions.  The jury subsequently returned a verdict of
confinement in the ID-TDCJ for 50 years with a fine of $10,000.  

            Appellant
has appealed contending that the evidence is both factually and legally
insufficient to support the judgment. 
Specifically, appellant contends that the evidentiary insufficiency goes
to the element of appellant’s knowledge that Akins was a public servant.  Additionally, appellant contends that the
failure of the trial court to require the enhancement paragraphs to be read and
to obtain a plea from appellant render the judgments reversible.  We disagree and affirm.

Evidentiary Sufficiency

            As
an initial consideration, we observe that appellant’s appeal contends that the
evidence is both legally and factually insufficient.  Appellant’s brief was prepared and filed
before the Texas Court of Criminal Appeals issued its opinion in Brooks v.
State, No. PD-0210-99, 2010 Tex.Crim.App.
LEXIS 1240 *25-*26 (Tex.Crim.App.
Oct. 6, 2010), wherein the court ruled that there is no distinction between a claim of legal as opposed to factual insufficiency of the
evidence.  Further, the court expressly
overruled Clewis v. State, 922 S.W.2d
126 (Tex.Crim.App. 1996), and its purported
application to factual sufficiency questions. 
Id. at *55.  What the court appears to do is to urge the
reviewing court to apply a more rigorous application of the sufficiency test
set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct.
2781, 61 L.Ed.2d 560 (1979).  Id. at *58. 
Therefore, we will review appellant’s claims of evidentiary sufficiency
under the standard of review set forth in Jackson.  See 443 U.S. at 319.

Standard of Review

In assessing the sufficiency of the
evidence, we review all the evidence in the light most favorable to the verdict
to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable
doubt.  Jackson,
443 U.S. at 319; Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App.
2004).  We measure the legal
sufficiency of the evidence against a hypothetically correct jury charge.  See Malik
v. State, 953 S.W.2d 234, 240 (Tex.Crim.App.
1997).  Finally, when reviewing all of
the evidence under the Jackson standard of review, the ultimate question
is whether the jury’s finding of guilt was a rational finding.  See Brooks,
2010 Tex.Crim.App. LEXIS 1240 at *37
(discussing Judge Cochran’s dissent in Watson v. State, 204 S.W.3d 404,
448-50 (Tex.Crim.App. 2006) as outlining the proper
application of a single evidentiary standard of review).[4]

Analysis

            To
prove the offense of aggravated assault on a public servant by use of a deadly
weapon, as alleged in the indictment, the State must prove:

1)    On or about November 9, 2010 

2)    appellant

3)    intentionally and knowingly used a
deadly weapon,

4)    an automobile, that in the manner of
its use and intended use was capable of causing serious bodily injury or death,

5)    and appellant did then and there,
threaten Josh Akins

6)    with imminent bodily injury or death

7)    and that appellant knew that Josh
Akins was a public servant,

8)    attempting to lawfully discharge an
official duty,

9)    attempting to detain appellant.

See Tex. Penal
Code Ann. §§ 22.01(a)(2), 22.02(a)(2),
22.02(b)(2)(B); Malik, 953 S.W.2d at 240.  Appellant’s evidentiary sufficiency argument
is focused on whether he had knowledge that Akins was a public servant.  Therefore, we will review the record for
evidence of that element.

            The
record shows that on the night in question Akins was on duty as a Fritch Police
Department Sergeant.  Akins was driving a
vehicle that had emergency lights and equipment on it when he observed the
burglary in progress and proceeded to the Taylor store without activating his
emergency equipment.  Akins testified
that he was wearing the same uniform on the night in question that he wore on
the day he testified.  That uniform was
observed by the jury.  The co-defendant,
Martinez, testified that, while acting as lookout, he saw Akins’s car
approaching the Taylor store and stated to appellant, “There is a cop behind
us.”  At that precise moment, appellant
and Martinez fled the store.  While pursuing
the two fleeing burglars, Akins yelled, “Stop or I will taze
you.”  At that instance, Martinez, who
was closer to Akins, stopped and went to the ground.  After attempting to secure Martinez, Akins
saw appellant in the vehicle and went toward him.  Akins, while wearing his uniform, stood
directly in front of the vehicle being driven by appellant.  Further, Akins testified that he made direct
eye contact with appellant while standing in front of the vehicle.  The jury also saw the video of burglary from
the security camera in the store.  During
the examination of Martinez, the DVD was played, and Martinez identified the
officer getting out of his patrol vehicle. 
The jury also observed this.

            In
light of this record, when viewed in the light most favorable to the verdict,
was the jury acting rationally when it found appellant guilty beyond a
reasonable doubt? Jackson, 443 U.S. at 319; Ross, 133 S.W.3d at 620.  
We think so, and, thus, overrule appellant’s issue regarding the
sufficiency of the evidence.

Enhancement Allegations

            Appellant’s
final point is that the trial court committed reversible error when the
punishment phase of the trial commenced without the reading of the enhancement
paragraphs and by failing to require appellant to enter a plea to those
allegations.  Appellant defines his issue
within the framework of article 36.01(a)(1) Texas Code
of Criminal Procedure.[5]  For purposes of our analysis, we will assume,
arguendo, that the trial
court erred in not having the enhancement document read and in not receiving
appellant’s pleas to the allegations prior to commencing the punishment portion
of the trial.

Standard of Review

            Appellant
contends, at least by implication, that we must review the actions of the trial
court under an abuse of discretion standard of review.  According to appellant’s reasoning, the Texas
Court of Criminal Appeals decision in Turner v. State, 897 S.W.2d 786 (Tex.Crim.App. 1995), controls the outcome of the case
before the court.  Turner
concerned a charge of driving while license suspended with a prior conviction
for the same offense alleged in the information to raise the punishment range
from a Class B misdemeanor to a Class A misdemeanor.  Id. at 787.  In Turner, as in the case before this
Court, the trial court did not have any enhancement allegation read, nor did
the trial court receive the defendant’s plea to the enhancement
allegation.  Ultimately, the court in Turner
found that the trial court’s action was error, and that the error was not
subject to a harm analysis.  Id. at 789. 
Appellant asks us to apply the same reasoning.

            The
State counters that, because the enhancement allegations were not read to the
jury and no pleas were entered, the issues involved in the enhancements were
never joined.  See Warren v.
State, 693 S.W.2d 414, 415 (Tex.Crim.App.
1985).  Further, the State contends since
the appellant was punished within the range of a first-degree felony, the
applicable range for the offense appellant was convicted of, there was simply
no error.  Id.  

            We
find that appellant’s reliance on Turner is misplaced.  First, Turner involved a fact scenario
not present in our case, that is the enhancement
allegations were contained in a paragraph within the charging instrument.  Second, since Turner was handed down,
the Texas Court of Criminal Appeals has determined that enhancement allegations
do not need to be contained within the body of the primary charging
document.  See Brooks
v. State, 957 S.W.2d 30 (Tex.Crim.App. 1997).  This decision implicates the basic
underpinnings of Turner: that the trial court was required to strictly
comply with the terms of article 36.01, and that such compliance was not
subject to any harm analysis under Texas Rule of Appellate Procedure 81(b)(2).[6]  Finally, under the provisions of Rule 44.2,
we are instructed to review alleged error, constitutional or nonconstitutional, for harmlessness.  See Tex.
R. App. P. 44.2.[7]


            We,
likewise, do not apply the principles of Warren because the factual
scenario does not support the same conclusion in our case.  See 693 S.W.2d 414,
415.  In Warren, the
defendant objected to the failure to read the enhancement paragraphs after the
jury punishment verdict was received but before sentence was pronounced.  Id. 
The trial court crossed out the references to the enhancements out of
the judgment and sentence and took the position that the issue was not properly
raised.  Id.  However, the Texas Court of Criminal Appeals
said the issue was preserved, reversed the judgment and sentence, and sent the
case back to the trial court.  Id.  In our case, there is no question about the
fact that the issue now complained of by appellant was not raised by objection
or motion for new trial.  

            The
proper standard for review of this case is as a charge error.  See Marshall v. State, 185 S.W.
3d 899, 903 (Tex.Crim.App. 2006).  As in Marshall, the jury charge
contained specific paragraphs referencing the specific allegations of prior convictions  and the
application of each to a punishment verdict. 
Yet, appellant did not object that there had been no enhancement
allegations read to the jury and that he had not pleaded to any enhancement
allegations.  Finally, there was a motion
for new trial filed in this case, yet the motion makes no reference to the
enhancement allegations.  Therefore, we
find ourselves reviewing the alleged charge error pursuant to the egregious
harm standard set forth in Almanza v. State,
686 S.W.2d 157, 171 (Tex.Crim.App. 1984).  Id.

Analysis

            When
evaluating harm, we assess the harm in light of the entire record.  Id. 
Any error caused will be considered egregious error if it affects the
very basis of the case and deprived the defendant of a valuable right or
vitally affected a defensive theory.  Drury
v. State, 225 S.W.3d 491, 504 (Tex.Crim.App.
2007) (citing Hutch v. State, 922 S.W.2d 166, 171 (Tex.Crim.App.
1996)).  

            During
the presentation of the State’s case on punishment, the only witness was the
fingerprint expert.  The only exhibits
were the “pen packets,” introduced to prove up appellant’s prior
convictions.  When appellant testified
during the punishment phase, he acknowledged the prior convictions and, very
importantly, he acknowledged that if the jury found the allegations of the
prior convictions true he would be facing a minimum sentence of 25 years incarceration in the ID-TDCJ.   However, the thrust of appellant’s testimony
was that he had always been convicted of burglary but had never been a violent
offender.  When the charge was prepared
the jury was advised of the three priors alleged in the State’s filing of the
notice of intent to seek enhancement of punishment pursuant to § 12.42(d).  Further, the jury was advised about the
application of each factual scenario, a finding of true as to one, two, or all
three of the prior felony convictions. 
Finally, during the argument of the punishment phase, appellant argued
he had never been a violent person and the amount of time he would have to
serve if the jury found that appellant had committed all three prior
felonies.  Essentially, this case
demonstrates that the core or ultimate issue before the jury was the appropriate
amount of prison time to which appellant would be sentenced.  The State and appellant each had a theory of
how the jury was to arrive at that term. 
The failure to read the enhancement paragraphs or receive a plea to
those paragraphs did nothing to alter this determination.  Any supposed harm we could outline would be
theoretical and, therefore, not the actual harm required to be shown.  See Dickey v. State, 22 S.W.3d 490, 492 (Tex.Crim.App.
1999).  There being no egregious harm
shown, we overrule appellant’s last issue.

 

Conclusion

            Having
overruled appellant’s issues, we affirm the trial court judgment.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

Do not publish.  

 

Pirtle, J., concurring.  

            








 











[1]
See
Tex. Penal Code Ann. § 22.01(a)(2), § 22.02(a)(2) (Vernon Supp. 2010).

 





[2]
See
id. § 22.02(b)(2)(B) (Vernon Supp. 2010).





[3]The original indictment contained a second count of
burglary.  However, the trial court
granted a motion for directed verdict against the State at the conclusion of
the State’s case. 





[4]
We note that this Court has at times quoted Moreno
v. State, 755 S.W.2d 866, 867 (Tex.Crim.App.
1988) for the proposition that we had to uphold the verdict of the jury unless
it was irrational or unsupported by more than a mere modicum of evidence.  We view such a statement, insofar as a
modicum of evidence being sufficient evidence, as contrary to a rigorous
application of the Jackson standard of review urged by the Court in Brooks.
  





[5]
Further reference to the Texas Code of Criminal
Procedure will be by reference to “article _____.”   





[6]
Texas Rules of Appellate Procedure were amended
effective September 1, 1997, and the current rule 44.2(b) was enacted.

  





[7]
Further reference to the Texas Rules of
Appellate Procedure will be by reference to “Rule ___” or “rule ___.”