COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ANTHONY RAY PERRYMAN, | § | |
| | | No. 08-10-00193-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 227th District Court |
| THE STATE OF TEXAS, | § | |
| | | of Bexar County, Texas |
| Appellee. | § | |
| | | (TC# 2008-CR-4078) |
| | § | |

**O P I N I O N**

After a jury convicted Anthony Perryman, Appellant, of the state-jail felony offense of possession of a controlled substance in an amount of less than one gram, the trial court, finding the alleged enhancements true, elevated the sentencing range to that of a second-degree felony and sentenced Appellant to eleven years' confinement. The Fourth Court of Appeals, however, reversed that punishment, finding that the enhancements used – one state-jail felony and one nonstate-jail felony – did not meet the requisite number of nonstate-jail felonies to enhance Appellant's punishment to a second-degree felony. *See Perryman v. State*, No. 04-09-00209-CR, 2010 WL 1066440, at *1-2 (Tex. App. – San Antonio March 24, 2010, no pet.) (mem. op., not designated for publication). Rather, the court concluded that the enhancements only allowed the punishment range to be enhanced to that of a third-degree felony. *Id*. at *2. Accordingly, the court remanded the case to the trial court for a new punishment hearing. *Id*. Upon remand, the trial court sentenced Appellant to the maximum sentence for a third-degree felony, ten years' imprisonment.

The case is now back before the appellate court. And in three issues on appeal, Appellant

contends that the trial court failed to hold a new punishment hearing, that the State failed to offer sufficient proof of the prior convictions, and that counsel was ineffective. For the reasons that follow, we affirm.

## BACKGROUND

As background, we note that the Fourth Court of Appeals' opinion reflects that Appellant's indictment alleged two state-jail felonies for enhancement purposes. *Perryman*, 2010 WL 1066440, at \*1. Later, the State filed notice of intent to use another state jail-felony and a nonstate-jail felony for enhancement. *Id*. After Appellant was convicted on the charged offense, he pled true to the two enhancement allegations contained in the original indictment, and to the additional enhancement allegations noticed by the State at the later date. *Id*.

At the new punishment hearing, the prosecutor explained to the trial court that Appellant was improperly sentenced to a second-degree felony at his first trial when the enhancements only supported an enhancement to a third-degree felony. The prosecutor further noted that Appellant pled true to the enhancements at the previous punishment hearing. Appellant's counsel, in response, noted that the prosecutor's statements were correct, and when the trial court questioned whether they were "here for punishment on a third degree felony," Appellant's counsel stated, "Absolutely."

The trial court then asked for the State's recommendation, and the prosecutor responded that "since [Appellant has] pled on now [to] three State Jails," the State recommends that "the Court sentence him between two to ten, and [the] State is going to ask for ten years." Appellant's counsel, in return, asked for a five-year sentence. The trial court, however, sentenced Appellant to ten years. After Appellant's counsel stated, "Thank you, Judge," the following then occurred:

[Appellant]:  Your Honor, can I speak to you?

[Court]:      Uh-huh.

| [Appellant]: | Sir, like, when I'm having this here, right, when I'm having this appeal here, right, don't I have a chance for a jury or anything else? |
| [Court]: | Not anymore. |
| [Appellant]: | Huh? |
| [Court]: | Nope. |
| [Appellant]: | I thought he said, like – |
| [Court]: | Have him sit over there so you can explain it to him. [Appellant's counsel], explain this to him. He thinks he's getting entitled to a new jury trial. |

Court was then adjourned.

## DISCUSSION

Appellant brings three issues for our review. The first contends that the trial court failed to hold a full punishment hearing on remand, faulting the court for not re-reading the enhancement allegations and taking his pleas to the same. The second assumes that if there was no plea of true, then the State failed to offer sufficient proof of the prior convictions. And the third challenges counsel's effectiveness. We find no merit in any of the issues raised.

*Failure to Read Enhancements and Take Appellant's Pleas*

In Issue One, Appellant contends that he was denied due process and due course of law when the trial court failed to hold a new trial on punishment. Specifically, Appellant asserts reversible error when the trial court failed to read the enhancement allegations and take his pleas during the second punishment hearing. The State responds that Appellant waived any procedural error by failing to object.

Almost every right, constitutional and statutory, may be waived by failing to object. *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Powell v. State*, 252 S.W.3d 742, 744 (Tex.

App. – Houston [14th Dist.] 2008, no pet.). Thus, to preserve a complaint for appellate review, a party must have objected to the trial court, stating the specific grounds for the ruling desired. Tᴇx. R. Aᴘᴘ. P. 33.1(a). Accordingly, several courts have held that a party cannot complain for the first time on appeal that the failure to read the enhancement allegations and to take the defendant's plea to such allegations is reversible error. *See Marshall v. State*, 185 S.W.3d 899, 903 (Tex. Crim. App. 2006) (stating that a defendant must object when he has "notice that the proceedings may have gone amiss," and explaining that he has such notice when he learns that the State is seeking a higher penalty despite the enhancement allegations not being read to the jury); *Warren v. State*, 693 S.W.2d 414, 416 (Tex. Crim. App. 1985) (explaining that any error in failing to read and plead to enhancement allegations is subject to preservation); *Lee v. State*, 239 S.W.3d 873, 876-77 (Tex. App. – Waco 2007, pet. ref'd) (holding that the defendant failed to preserve error by not raising the error in the trial court when the indictment was not read to the jury and the defendant did not enter a plea); *Burley v. State*, Nos. 14-09-00868-CR & 14-09-00869-CR, 2010 WL 5238583, at *2 (Tex. App. – Houston [14th Dist.] Dec. 16, 2010, no pet.) (mem. op., not designated for publication) ("Appellant argues for the first time on appeal that the failure to read the enhancement allegations to the jury and to take his plea on the allegations is reversible error. By failing to raise this issue in the trial court, appellant has not preserved error for our review."); *Pope v. State*, No. 05-02-01745-CR, 2004 WL 1173202, at *6 (Tex. App. – Dallas May 27, 2004, pet. ref'd) (op. on reh'g, not designated for publication) ("Appellant did not preserve error at trial by objecting to the failure to enter a plea to the enhancement. . . . Therefore, we conclude appellant has not preserved any issue for appeal on this point.").

Here, Appellant did not object at the new punishment hearing that the trial court should have read the enhancement allegations and asked for his pleas to the same. Rather, he joined in with the

prosecutor in representing that the parties were there for sentencing on a third-degree felony and that Appellant previously pled true to the enhancement allegations. The trial court then sentenced Appellant without any objection that it did not read the enhancement allegations or take Appellant's pleas to the same. Therefore, because Appellant did not object to this procedural error, we hold the error, if any, is not preserved for our review. *See Burley*, 2010 WL 5238583, at \*2; *Pope*, 2004 WL 1173202, at \*6.

In any case, we find that the trial court did not err by failing to read the enhancement allegations or to take Appellant's plea. The reading of enhancement allegations and the entry of the defendant's plea thereto are mandatory, and therefore, no issue is joined between the State and the defendant with respect to the defendant's prior criminal record if this is not done. *Turner v. State*, 897 S.W.2d 786, 788 (Tex. Crim. App. 1995); *Warren*, 693 S.W.2d at 415. However, when it is the trial court alone that assesses punishment, there is no requirement that the enhancement allegations be read or that the trial court even take the defendant's plea. *Seeker v. State*, 186 S.W.3d 36, 39 (Tex. App. – Houston [1st Dist.] 2005, pet. ref'd); *Garner v. State*, 858 S.W.2d 656, 659 (Tex. App. – Fort Worth 1993, pet. ref'd). "Although it is preferred that trial courts read the enhancement paragraphs orally and find them to be true or not true on the record, a trial court does not err by not doing so." *Seeker*, 186 S.W.3d at 39; *Garner*, 858 S.W.2d at 660. Accordingly, based on these authorities, we hold that the trial court did not err by failing to read the enhancement allegations and to take Appellant's plea to the same during the new punishment hearing. Issue One is overruled.

*Sufficient Proof of Prior Convictions*

In Issue Two, Appellant, noting that the trial court did not take his plea of true to the enhancement allegations, asserts that absent his plea of true, there was no proof of the prior convictions. Thus, he concludes that the court could not assess an enhanced sentence. We disagree.

A defendant's plea of "true" to an enhancement paragraph will satisfy the State's burden of proof for enhancement allegations. *Wilson v. State*, 671 S.W.2d 524, 526 (Tex. Crim. App. 1984). Because a plea of "true" is sufficient, the fact that the defendant entered a plea of "true" must be affirmatively reflected by evidence in the record. *See id*. Such may be shown by a recital in the judgment. *See Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1985) (op. on reh'g) (concluding that although record did not include document showing formal waiver of trial by jury, appellants did not overcome presumption of truth of recital in judgment that they did waive right to jury). Here, the judgment reflected that Appellant pled true to the enhancements; thus, the State's burden of proof for the enhancement allegations was satisfied. *Wilson*, 671 S.W.2d at 526.

Moreover, we must presume that a defendant was arraigned and pled to the charging instrument "unless such matters were made an issue in the court below, or otherwise affirmatively appears to the contrary from the record." *Warren*, 693 S.W.2d at 416. Certainly, that was not made an issue below, but rather counsel joined in representing to the court that Appellant previously pled true to the enhancement allegations and that the parties were simply there on sentencing. Nor does the contrary appear in the record as the prosecutor represented that Appellant previously pled true and the judgment reflects that Appellant pled true. Therefore, Appellant has not overcome the presumption that he failed to plead true, much less that the State's proof of the prior convictions was insufficient. Issue Two is overruled.

*Ineffective Assistance of Counsel*

Appellant's third issue alleges that counsel was ineffective for failing to ensure that the trial court conducted a full resentencing hearing or otherwise protect his right to a jury upon resentencing. Specifically, Appellant contends that on remand, he regained the right to choose to be sentenced by a jury, and that his counsel was unaware the he had that right and did nothing to protect that right.

Thus, Appellant concludes that he is entitled to a new punishment hearing.

Claims of ineffective assistance of counsel are reviewed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That standard requires the defendant to prove (1) that his trial counsel's performance was deficient, and (2) that such deficient performance was so serious that it deprived the defendant of a fair trial. *Id*. at 687. In other words, the defendant must prove, by a preponderance of the evidence, that counsel's representation fell below the objective standard of prevailing professional norms, and that there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *Id*. at 690-94.

Of course, our review of defense counsel's performance is highly deferential, beginning with the strong presumption that the attorney's actions were reasonably professional and were motivated by sound trial strategy. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (en banc). Thus, when the record is silent as to counsel's strategy, we will not conclude that counsel's assistance was ineffective unless the challenged conduct was "'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

Here, the record reflects that Appellant's claim of ineffective assistance is not firmly founded in the record. Although the trial court asked counsel to explain to Appellant whether he was entitled to a jury trial on punishment after sentencing, counsel's explanation was not on the record. We do not know what counsel said to Appellant, whether counsel knew of or informed Appellant of any rights to a jury trial on remand, or whether counsel advised Appellant that he could change his election. Nor do we know if counsel advised Appellant on the matters before the hearing. Indeed, no record was developed at all for our review concerning counsel's knowledge of the law or his

advice to Appellant.  All the record shows is that Appellant elected in his first trial to have the court assess punishment and did not claim otherwise in the hearing on remand until after sentencing. Advising that punishment be assessed by a judge rather than a jury may be strategic, but we cannot tell if that was counsel's strategy in this case.  In short, the record is simply too underdeveloped for us to conclude that counsel's performance was deficient in this regard.  *See Bone v. State*, 77 S.W.3d 828, 833-34 (Tex. Crim. App. 2002).  Accordingly, we decline to find counsel ineffective based on the limited record here and overrule Issue Three.

## CONCLUSION

Having overruled Appellant's issues, we affirm the trial court's judgment.


GUADALUPE RIVERA, Justice

August 31, 2011

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)