IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1637-12






TRISTAN LANDERS a.ka. TRISTAN McNIEL, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


MCLENNAN COUNTY





 Keller, P.J., filed a concurring opinion.


 The Court says that, "[e]ven if the appellant could have raised the issue" of court costs in a
motion for new trial, she was not required to because of Texas Rule of Appellate Procedure 21.2. (1) 
I write separately to express my disagreement with the idea that appellant could properly have raised
the issue in a motion for new trial. 

 A "new trial" occurs only when the trial court has "set aside a finding or verdict of guilt." (2) 
A "new trial on punishment" occurs only when the trial court has "set aside an assessment of
punishment without setting aside a finding or verdict of guilt." (3) A meritorious claim regarding the
bill of costs would entitle a defendant to neither of these remedies. Instead, a defendant advancing
such a claim is entitled, at most, to having the erroneous costs struck. Because it is not a proper
ground for granting a new trial or a new trial on punishment, a claim regarding the bill of costs is not
a proper claim to be raised in a motion for new trial. Therefore, appellant did not forfeit his bill-of-costs claim by failing to raise it in a motion for new trial.

 A possible avenue for raising a bill-of-costs claim would be a formal bill of exception under
Rule 33.2. (4) We have recognized that "when error is discovered after the trial . . . error can be
preserved" by several means, including a motion for new trial and a bill of exception. (5) A party "must
file a formal bill of exception" to complain on appeal "about a matter that would not otherwise
appear in the record." (6) In criminal cases, a bill of exception can be filed "no later than 60 days after
the trial court pronounces or suspends sentence in open court" or 90 days after such time if a motion
for new trial has been filed. (7) A motion for extension of time can be filed to extend the time limit by
another 15 days. (8) If the parties cannot agree on the contents of a bill of exceptions, the trial judge
may hold a hearing. (9)

 The State has not argued that a formal bill of exception is the appropriate vehicle for raising
a claim regarding a bill of costs imposed after judgment. Nevertheless, that question can be resolved
another day. The fee at issue in this case--reimbursement for the cost of a prosecutor pro tem--is
an item that is simply not authorized by statute. There is nothing that can be proffered to show that
the fee is allowed. Therefore, we are not faced with "a matter that would not otherwise appear in
the record." Even if a formal bill of exception is the appropriate vehicle for a bill-of-costs claim that
involves allowable fees, it was not necessary here. 

 I respectfully concur in the Court's judgment.

Filed: July 3, 2013

Publish 
1. "A motion for new trial is a prerequisite to presenting a point of error on appeal only when
necessary to adduce facts not in the record." Tex. R. App. P. 21.2. The rule flows from our decision
Sessions v. State, in which we held that a motion for new trial was optional with the defendant and
was needed only to raise matters that were not in the record. 81 Tex. Crim. 424, 197 S.W. 718
(1917).
2. Tex. R. App. P. 21.1(a).
3. Id. 21.1(b).
4. Tex. R. App. P. 33.2.
5. Warren v. State, 693 S.W.2d 414, 416 (Tex. Crim. App. 1985) (emphasis in original).
6. Tex. R. App. 33.2 (initial sentence).
7. Id. 33.2(e)(2).
8. Id. 33.2(e)(3).
9. Id. 33.2(c).