

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

## NO. PD-1637-12

---

### TRISTAN LANDERS a.ka. TRISTAN McNIEL, Appellant

**v.**

### THE STATE OF TEXAS

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE TENTH COURT OF APPEALS MCLENNAN COUNTY

---

**KELLER, P.J., filed a concurring opinion.**

The Court says that, "[e]ven if the appellant *could* have raised the issue" of court costs in a motion for new trial, she was not required to because of Texas Rule of Appellate Procedure 21.2.[1] I write separately to express my disagreement with the idea that appellant could properly have raised the issue in a motion for new trial.

---

[1] "A motion for new trial is a prerequisite to presenting a point of error on appeal only when necessary to adduce facts not in the record." TEX. R. APP. P. 21.2. The rule flows from our decision *Sessions v. State*, in which we held that a motion for new trial was optional with the defendant and was needed only to raise matters that were not in the record. 81 Tex. Crim. 424, 197 S.W. 718 (1917).

A "new trial" occurs only when the trial court has "set aside a finding or verdict of guilt."[2] A "new trial on punishment" occurs only when the trial court has "set aside an assessment of punishment without setting aside a finding or verdict of guilt."[3] A meritorious claim regarding the bill of costs would entitle a defendant to neither of these remedies. Instead, a defendant advancing such a claim is entitled, at most, to having the erroneous costs struck. Because it is not a proper ground for granting a new trial or a new trial on punishment, a claim regarding the bill of costs is not a proper claim to be raised in a motion for new trial. Therefore, appellant did not forfeit his bill-of-costs claim by failing to raise it in a motion for new trial.

A possible avenue for raising a bill-of-costs claim would be a formal bill of exception under Rule 33.2.[4] We have recognized that "when error is discovered *after* the trial . . . error can be preserved" by several means, including a motion for new trial and a bill of exception.[5] A party "must file a formal bill of exception" to complain on appeal "about a matter that would not otherwise appear in the record."[6] In criminal cases, a bill of exception can be filed "no later than 60 days after the trial court pronounces or suspends sentence in open court" or 90 days after such time if a motion for new trial has been filed.[7] A motion for extension of time can be filed to extend the time limit by

---

[2] TEX. R. APP. P. 21.1(a).

[3] *Id.* 21.1(b).

[4] TEX. R. APP. P. 33.2.

[5] *Warren v. State*, 693 S.W.2d 414, 416 (Tex. Crim. App. 1985) (emphasis in original).

[6] TEX. R. APP. 33.2 (initial sentence).

[7] *Id.* 33.2(e)(2).

another 15 days.[8]  If the parties cannot agree on the contents of a bill of exceptions, the trial judge may hold a hearing.[9]

The State has not argued that a formal bill of exception is the appropriate vehicle for raising a claim regarding a bill of costs imposed after judgment.  Nevertheless, that question can be resolved another day.  The fee at issue in this case—reimbursement for the cost of a prosecutor *pro tem*—is an item that is simply not authorized by statute.  There is nothing that can be proffered to show that the fee is allowed.  Therefore, we are not faced with "a matter that would not otherwise appear in the record."  Even if a formal bill of exception is the appropriate vehicle for a bill-of-costs claim that involves allowable fees, it was not necessary here.

I respectfully concur in the Court's judgment.

Filed: July 3, 2013
Publish

---

[8]  *Id.* 33.2(e)(3).

[9]  *Id.* 33.2(c).