Marcus Antoine **HERVEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–02–148–CR.

Court of Appeals of Texas, Waco.

Feb. 11, 2004.

April Allison Sikes, Corsicana, for Appellant/Relator.

James E. Lagomarsino, Navarro County Asst. District Attorney, Corsicana, for Appellee/Respondent.

Before Chief Justice TOM GRAY, Justice VANCE, and Justice REYNA.*

## OPINION

TOM GRAY, Chief Justice.

Marcus Antoine Hervey pled guilty to aggravated robbery. He asked the jury to

*This case was submitted with former Chief Justice Davis on the panel, but he resigned effective August 4, 2003. *See* TEX.R.APP. P. 41.1(c). Justice Reyna, who took the oath of

assess his punishment. The jury rejected his plea for community supervision and sentenced him to 60 years in prison. Hervey now appeals, bringing six issues of ineffective assistance of counsel and a seventh regarding failure to read the indictment. We affirm.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his first six issues, Hervey contends his trial counsel's representation was ineffective. Specifically, he contends trial counsel was ineffective in that:

1. he did not raise a *Batson*[1] challenge to the peremptory strikes made by the State;

2. he elicited evidence harmful to Hervey from the State's witnesses;

3. he repeatedly told the jury panel that he might not be able to consider probation for an aggravated robbery offense;

4. he did not object to the introduction and discussion of extraneous offenses;

5. he did not prove Hervey was eligible for probation; and

6. he did not object to the improper argument of the State.

In assessing the effectiveness of counsel we apply the test set forth by the Supreme Court in *Strickland v. Washington. Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Hernandez v. State*, 988 S.W.2d 770, 772 (Tex.Crim.App.1999); *Ex parte Jarrett*, 891 S.W.2d 935, 938 (Tex. Crim.App.1994). *Strickland* requires us to determine whether:

(1) counsel's performance was deficient; and if so,

office on January 5, 2004, participated in the decision of the court.

1. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

(2) whether there is a reasonable probability the results would have been different but for counsel's deficient performance.

*Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. This two-pronged test is the benchmark for judging whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a reliable result. *Thompson v. State,* 9 S.W.3d 808, 812–13 (Tex.Crim.App.1999).

 To establish deficient performance, the defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. In other words, the defendant must prove, by a preponderance of the evidence, that there is, in fact, no plausible professional reason for a specific act or omission. *Bone v. State,* 77 S.W.3d 828, 836 (Tex.Crim. App.2002). A single egregious act or omission may support an ineffective assistance of counsel claim. *See Thompson,* 9 S.W.3d at 813. Likewise, the degree of counsel's investigation into mitigating evidence can be a basis for an ineffective assistance of counsel claim. *See Wiggins v. Smith,* 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003).

 But, trial counsel should ordinarily be afforded an opportunity to explain the actions taken or not taken, as the case may be, before being condemned as unprofessional and incompetent. *See Bone,* 77 S.W.3d at 836. "Ineffective assistance of counsel claims are not built on retrospective speculation; they must 'be firmly founded in the record.'" *Id.* at 835. The record must itself affirmatively demonstrate the alleged ineffectiveness. *Id.; Thompson,* 9 S.W.3d at 813–14. A record, "... silent as to why appellant's trial counsel took or failed to take ..." certain actions is not adequate to establish ineffec-

tive assistance of counsel. *Rylander v. State,* 101 S.W.3d 107, 111 (Tex.Crim.App. 2003). Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone,* 77 S.W.3d at 833. The more appropriate vehicle to raise ineffective assistance of counsel claims is an application for writ of habeas corpus. *Rylander,* 101 S.W.3d at 110.

 Not only does *Strickland* require proof of professional incompetence, it also requires proof of prejudice. *Bone,* 77 S.W.3d at 837. A defendant must show that there is a reasonable probability that, but for the counsel's errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The failure to make any effort to prove prejudice for counsel's allegedly deficient performance precludes relief. *Ladd v. State,* 3 S.W.3d 547, 570 (Tex.Crim.App.1999); *see also Rylander,* 101 S.W.3d at 110.

The record on direct appeal is not sufficient to show why counsel did or did not take a particular action in Hervey's case. We could speculate, but the lower courts have been told time and time again that it is improper for us to speculate. Unless we have a record that affords the trial counsel an opportunity to explain his decisions, we are unable to review the merits of ineffective assistance of counsel claims on direct appeal. Based upon the totality of the record before us, we cannot conclude that Hervey has satisfied the first prong of *Strickland.* Thus, his first six issues are overruled.

READING OF THE INDICTMENT

■ In his seventh issue, Hervey contends that fundamental error was committed when the indictment was not read to the jury prior to the trial on punishment. It appears that his argument is two-fold: 1) that the indictment should have been read to the jury and 2) he should have been allowed to plead to the indictment.

Hervey waived the reading of the indictment and pled guilty before the trial court. At voir dire on punishment, he twice requested the trial court to read the indictment to the jury panel. Those requests were denied. At trial, Hervey made no objection to the failure to read the indictment prior to the start of the punishment phase.

Hervey relies on *Warren v. State* for the proposition that the reading of an indictment is mandatory and is applicable when a jury is empaneled solely to determine punishment. *Warren v. State*, 693 S.W.2d 414 (Tex.Crim.App.1985). His reliance on *Warren* is misplaced. In *Warren*, a jury decided both guilt/innocence and punishment. On appeal, the opinion dealt solely with the procedure when enhancement paragraphs are not read at the punishment phase. This is the same issue decided in *Trammell*, on which *Warren* relies and in the more recent case of *Turner*. *Turner v. State*, 897 S.W.2d 786, 789 (Tex.Crim. App.1995); *Trammell v. State*, 445 S.W.2d 190, 193–194 (Tex.Crim.App.1969). Hervey waived the reading of the indictment and pled guilty to the trial court. In this situation, he has no right to re-plead before the jury. *Tutor v. State*, 599 S.W.2d 818, 820 (Tex.Crim.App. [Panel Op.] 1980); *Hall v. State*, 935 S.W.2d 852, 856 (Tex. App.-San Antonio 1996, no pet.). And while the plain language of Article 36.01 indicates that an identical procedure should be followed in the jury's presence, it is not required. *Cantu v. State*, 939

S.W.2d 627, 646 (Tex.Crim.App.1997). Further, there were no enhancement paragraphs in Hervey's indictment to be read at the beginning of the punishment phase. Thus, *Warren*, *Trammell*, and *Turner* do not resolve Hervey's issue.

Hervey did not object to the failure of the court or the State to read the indictment, if it was necessary to do so at all. His claimed error could have been corrected easily if he had timely called it to the court's attention. *Cantu*, 939 S.W.2d at 646. As much as Hervey thinks he called it to the court's attention, he did not. The last time Hervey asked the court to read the indictment was while the parties were making their peremptory strikes. He made the request so that the remaining panel who had not yet been struck could decide if they could consider probation. The request was denied and the parties continued with their strikes. The jury was then selected, seated, and sworn. The next morning, the trial on punishment began.

Hervey did not object to the failure to read the indictment to the jury that was seated. He only requested that it be read to the entire panel during voir dire. He also did not present the issue he now raises in a motion for new trial. In his motion for new trial, he presented, again, the issue regarding not being allowed to read the indictment during voir dire. He claimed only that "the Jury Panel was not allowed to see or even to be read Defendant's indictment on voir dire . . . ."

■ There are two relatively small categories of errors to which a contemporaneous objection is not required: violations of "rights which are waivable only" and denials of "absolute systemic requirements." *Aldrich v. State*, 104 S.W.3d 890, 895 (Tex. Crim.App.2003). Such errors may be raised for the first time on appeal. *Id.* Hervey's complaint does not fit within

these small categories. *See id.* Because Hervey did not object, his complaint has been waived. *Cantu,* 939 S.W.2d at 646; *see also Cox v. State,* 422 S.W.2d 929, 930 (Tex.Crim.App.1968)(absent an objection, a violation of article 36.01 is waived); *Robinson v. State,* No. 05–01–00702–CR, 2002 WL 115579, 2002 Tex.App. Lexis 615, *2 (Dallas January 30, 2002, no pet.)(not designated for publication); *Hardin v. State,* 951 S.W.2d 208, 211 (Tex.App.-Houston [14th Dist.] 1997, no pet.). Thus, Hervey's seventh issue is overruled.

## CONCLUSION

Having overruled Hervey's issues on appeal, the judgment of the trial court is affirmed.