**Sedrick Tyrone LEE, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 10–06–00240–CR.**

Court of Appeals of Texas, Waco.

Oct. 24, 2007.

Richard G. Ferguson, Waco, for appellant.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

A jury convicted Sedrick Tyrone Lee of aggravated assault and sentenced him to fifteen years in prison.[1] On appeal, Lee argues that: (1) the issue of guilt was not joined at trial; and (2) the evidence is legally insufficient to support his conviction. We affirm.

## JOINDER OF GUILT

■ In his first issue, Lee contends that the issue of guilt was not joined because his plea of "not guilty" was not entered before the jury.

■ Article 36.01 of the Code of Criminal Procedure requires that the indictment be read and the plea entered in the jury's presence. *See* TEX.CODE CRIM. PROC. ANN. art. 36.01 (Vernon 2007). Otherwise, the issue of guilt is not joined. *See Martinez v. State*, 155 S.W.3d 491, 495 (Tex.App.-San Antonio 2004, no pet.). This rule is intended to "inform the accused of the charges against him, to inform the jury of the charge at issue, and to allow the jury to hear the defendant refute or admit the charge." *Id.* Failure to follow this rule may be corrected by reading the indictment to the jury and entering the defendant's plea, followed by the State's reintroduction of the evidence or the parties' stipulation to the evidence. *See Limon v. State*, 838 S.W.2d 767, 768–69 (Tex.App.-Corpus Christi 1992, pet. ref'd) (citing *Warren v. State*, 693 S.W.2d 414, 416 (Tex.Crim.App.1985)). If the error is discovered after trial, error is preserved through a motion for new trial, bill of exception, or motion to arrest judgment. *See Martinez*, 155 S.W.3d at 495 (citing *Warren*, 693 S.W.2d at 416).

At the beginning of the guilt/innocence phase, the State read the indictment and the trial court asked for Lee's plea. Lee responded, "I plead the 5th, Your Honor." Trial then proceeded to opening arguments. After the State rested, the trial court made the following statement outside the presence and hearing of the jury:

> Before you put anything else on the record there's one thing I—when I asked the defendant this morning how he plead, whether he plead guilty or not guilty, I thought he said, not guilty, but I just didn't hear it. The court reporter has told me and the parties that he said that he took the 5th Amendment. The court is entering a plea of not guilty on his behalf.

The trial proceedings then continued.

Because Lee did not object to the trial court's failure to enter his plea before the jury, the State argues that Lee has not preserved his complaint for appellate review. In reliance on *Turner v. State*, Lee urges that "the reading of the indictment to which a plea is then entered is a catego-

---

1. Lee was also charged with attempted murder, but the State elected to pursue the aggravated assault charge alone.

ry—II right under *Marin v. State*" that must be expressly waived. *See Turner,* 897 S.W.2d 786, 787 (Tex.Crim.App.1995); *see also Marin,* 851 S.W.2d 275, 279 (Tex. Crim.App.1993). However, *Turner* is distinguishable because it: (1) addresses the failure to read enhancement paragraphs and receive a plea at any point during the punishment phase; and (2) it predates the Court of Criminal Appeals' decision in *Cain v. State* in which the Court held that "[e]xcept for certain federal constitutional errors labeled by the United States Supreme Court as 'structural,' no error, whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune to a harmless error analysis."[2] *See Turner,* 897 S.W.2d at 787; *see also Cain,* 947 S.W.2d 262, 264 (Tex.Crim.App.1997).

■ In *Hervey v. State,* we addressed a similar issue, namely whether "fundamental error was committed when the indictment was not read to the jury prior to the trial on punishment."[3] 131 S.W.3d 561, 565 (Tex.App.-Waco 2004, no pet.). We noted that "[t]here are two relatively small categories of errors to which a contemporaneous objection is not required: violations of 'rights which are waivable only' and denials of 'absolute systemic requirements.'" *Id.* (quoting *Aldrich v. State,* 104 S.W.3d 890, 895 (Tex.Crim.App.2003)). These errors may be raised for the first time on appeal. *Id.* An article 36.01 complaint does not fit within these small categories; thus, an objection is required to

preserve error. *See id.* at 565–66 (citing *Cantu v. State,* 939 S.W.2d 627, 646 (Tex. Crim.App.1997)); *see also Cox v. State,* 422 S.W.2d 929, 930 (Tex.Crim.App.1968) (absent an objection, a violation of article 36.01 is waived); *Robinson v. State,* No. 05–01–00702–CR, 2002 WL 115579, at *1, 2002 Tex.App. Lexis 615, at *2 (Tex.App.-Dallas Jan. 30, 2002, no pet.) (not designated for publication) (argument that "trial court committed fundamental error by failing to read the indictment and accept appellant's plea in the presence of the jury" not preserved for appeal in absence of objection); *Hardin v. State,* 951 S.W.2d 208, 211 (Tex.App.-Houston [14th Dist.] 1997, no pet.).

At no time did Lee object to the trial court's failure to enter his plea before the jury or request that the indictment be read, a plea entered, and the evidence reintroduced. *See Hervey,* 131 S.W.3d at 565; *see also Cantu,* 939 S.W.2d at 646; *Cox,* 422 S.W.2d at 930; *Robinson,* 2002 WL 115579, at *1, 2002 Tex.App. Lexis 615, at *2; *Hardin,* 951 S.W.2d at 211; *Limon,* 838 S.W.2d at 769. Any error could have been corrected had Lee timely called it to the trial court's attention. *See Hervey,* 131 S.W.3d at 565 (citing *Cantu,* 939 S.W.2d at 646). Lee could have preserved error after trial by filing a motion for new trial, bill of exception, or motion to arrest judgment, but did not do so. *See Martinez,* 155 S.W.3d at 495 (citing *Warren,* 693 S.W.2d at 416). Accordingly, Lee

---

**2.** Because article 36.01 violations are not structural, "decisions since *Turner* suggest that article 36.01 violations are subject to a harm analysis." *Hernandez v. State,* 190 S.W.3d 856, 868 (Tex.App.-Corpus Christi 2006, no pet.); *see Linton v. State,* 15 S.W.3d 615, 620 (Tex.App.-Houston [14th. Dist.] 2000, pet. ref'd) ("Because the failure to read enhancements paragraphs and a defendant's plea to the jury is statutory error, the proper

harm analysis is that for reviewing non-constitutional error").

**3.** At voir dire on punishment, the trial court denied Hervey's request that the indictment be read to the jury panel. *See Hervey v. State,* 131 S.W.3d 561, 565 (Tex.App.-Waco 2004, no pet.). On appeal, Hervey complained that the indictment should have been read to the jury that was *seated* and he should have been allowed to plead to the indictment. *See id.*

has failed to preserve his complaint for appellate review; we overrule his first issue.

## LEGAL SUFFICIENCY

Lee's second issue challenges the legal sufficiency of the evidence to support his aggravated assault conviction.

### Standard of Review

■ Under legal sufficiency review, we determine whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Curry v. State*, 30 S.W.3d 394, 406 (Tex.Crim. App.2000) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). We do not resolve any conflict of fact or assign credibility to the witnesses, as this was the function of the trier of fact. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex.Crim.App.1999); *see also Adelman v. State*, 828 S.W.2d 418, 421 (Tex.Crim.App.1992); *Matson v. State*, 819 S.W.2d 839, 843 (Tex.Crim.App.1991). Inconsistencies in the evidence are resolved in favor of the verdict. *Curry*, 30 S.W.3d at 406; *Matson*, 819 S.W.2d at 843.

### Procedural Challenge

■ Lee contends that, presuming guilt was later joined when the trial court entered a plea on Lee's behalf, the evidence was not reintroduced and the only other evidence before the jury is insufficient to establish aggravated assault. However, Lee did not request that the jury disregard the previously admitted evidence, direct that the State be required to reintroduce the evidence, or object to the

trial court's failure to do so. *See Limon,* 838 S.W.2d at 769. Any complaint regarding the failure to reintroduce evidence is not preserved for appeal. *See Limon,* 838 S.W.2d at 769; *see also Castillo v. State,* 530 S.W.2d 952, 954 (Tex.Crim.App.1976). We have previously reached the same conclusion in an unpublished, memorandum opinion. *See Laningham v. State,* No. 10–06–00099–CR, 2007 WL 2004955, at *2, 2007 Tex.App. Lexis 5511, at *8–9 (Tex. App.-Waco July 11, 2007, no pet.) (not designated for publication). Because this is a procedural issue unrelated to sufficiency of the evidence, we will consider all the admitted evidence when evaluating Lee's legal sufficiency challenge. *See Marshall v. State,* 185 S.W.3d 899, 902 (Tex.Crim. App.2006); *see also Limon,* 838 S.W.2d at 769.

### Analysis

The indictment alleges that Lee "intentionally, knowingly, or recklessly caused bodily injury to DAVID HARRISON by shooting DAVID HARRISON, and the Defendant did then and there use or exhibit a deadly weapon, to-wit: a firearm, during the commission of said assault." [4]

**Identity**

■ The record contains conflicting evidence regarding whether Lee was the shooter. Harrison testified that Lee's girlfriend had been living with Harrison's sister-in-law. When Lee came looking for his girlfriend and "causing trouble," Harrison asked him to leave. A few days later, Lee approached Harrison with a gun. A chase ensued during which Lee fired several shots, one of which entered Harrison's calf. Detective Paul Hacker and Officer Matthew McCallister, while investigating an

---

4. A person commits aggravated assault if he intentionally, knowingly, or recklessly caused bodily injury to another and used or exhibited a deadly weapon during commission of the

assault. Tex. Pen.Code Ann. § 22.02(a)(2) (Vernon Supp.2006); Tex. Pen.Code Ann. § 22.01(a)(1) (Vernon Supp.2006).

unrelated incident, observed a person chasing and shooting at Harrison.

Harrison later identified the shooter as "Choo–Choo," which led police to Lee. Harrison identified Lee from a photographic lineup. Lee admitted that his nickname is "Choo–Choo," but testified that other people also have this nickname. Lee denied ever meeting or shooting Harrison. Lee, who resided in Arlington at the time, testified that he could not have shot Harrison because he had no transportation to Waco where the shooting occurred. He also denied knowing the girl that Harrison identified as Lee's girlfriend. However, the State produced recorded conversations made by Lee from jail that instructed the listener to contact Lee's alleged girlfriend. At trial, Harrison identified Lee as the shooter. Detective Hacker testified that Lee's height and physique matched that of the shooter.

As the sole judge of the weight and credibility of witness testimony, the jury was entitled to disregard Lee's testimony and accept Harrison's. *See Santellan v. State,* 939 S.W.2d 155, 164 (Tex.Crim.App. 1997); *see also Perez v. State,* 113 S.W.3d 819, 838 (Tex.App.-Austin 2003, pet. ref'd). The evidence is legally sufficient to show that Lee was the person who shot Harrison.

**Deadly Weapon**

█ A firearm is a "deadly weapon." Tex. Pen Code Ann. § 1.07(a)(17)(A) (Vernon Supp.2006). Although the gun was never recovered, Harrison testified that Lee shot him with a gun. Detective Hacker and Officer McCallister heard the gun shots and observed a gun in the hands of the person chasing Harrison. The evidence is legally sufficient to support a deadly weapon finding.

**Bodily Injury**

█ "Bodily Injury" means "physical pain, illness, or any impairment of physical condition." Tex. Pen.Code Ann. § 1.07(a)(8) (Vernon Supp.2006).

Harrison, Hacker, and McCallister all testified that Harrison had been shot. The bullet entered the back of Harrison's calf and exited through the front of his calf. Lee continued shooting even after striking Harrison, forcing Harrison to continue running with an injured leg. Photographs were admitted into evidence that reflect the gunshot wound. The jury could reasonably infer that the wound caused Harrison to suffer physical pain from the injury. *See Arzaga v. State,* 86 S.W.3d 767, 778 (Tex.App.-El Paso 2002, no pet.) ("the jury is permitted to draw reasonable inferences from the evidence, including an inference that the victim suffered pain as a result of her injuries") (citing *Goodin v. State,* 750 S.W.2d 857, 859 (Tex.App.-Corpus Christi 1988, pet. ref'd)). The evidence is legally sufficient to support a finding that Lee intentionally, knowingly, or recklessly caused bodily injury to Harrison by shooting him.

In summary, the evidence is legally sufficient to sustain Lee's conviction for aggravated assault with a deadly weapon. Lee's second issue is overruled.

**CONCLUSION**

Having overruled both of Lee's issues, we affirm the trial court's judgment.

Chief Justice GRAY concurs in the judgment but a separate opinion will not be issued.