COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



ANTHONY RAY PERRYMAN,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-10-00193-CR



Appeal from the


227th District Court


of Bexar County, Texas


(TC# 2008-CR-4078)



O P I N I O N

 After a jury convicted Anthony Perryman, Appellant, of the state-jail felony offense of
possession of a controlled substance in an amount of less than one gram, the trial court, finding the
alleged enhancements true, elevated the sentencing range to that of a second-degree felony and
sentenced Appellant to eleven years' confinement. The Fourth Court of Appeals, however, reversed
that punishment, finding that the enhancements used - one state-jail felony and one nonstate-jail
felony - did not meet the requisite number of nonstate-jail felonies to enhance Appellant's
punishment to a second-degree felony. See Perryman v. State, No. 04-09-00209-CR, 2010 WL
1066440, at *1-2 (Tex. App. - San Antonio March 24, 2010, no pet.) (mem. op., not designated for
publication). Rather, the court concluded that the enhancements only allowed the punishment range
to be enhanced to that of a third-degree felony. Id. at *2. Accordingly, the court remanded the case
to the trial court for a new punishment hearing. Id. Upon remand, the trial court sentenced
Appellant to the maximum sentence for a third-degree felony, ten years' imprisonment.

 The case is now back before the appellate court. And in three issues on appeal, Appellant
contends that the trial court failed to hold a new punishment hearing, that the State failed to offer
sufficient proof of the prior convictions, and that counsel was ineffective. For the reasons that
follow, we affirm.

BACKGROUND

 As background, we note that the Fourth Court of Appeals' opinion reflects that Appellant's
indictment alleged two state-jail felonies for enhancement purposes. Perryman, 2010 WL 1066440,
at *1. Later, the State filed notice of intent to use another state jail-felony and a nonstate-jail felony
for enhancement. Id. After Appellant was convicted on the charged offense, he pled true to the two
enhancement allegations contained in the original indictment, and to the additional enhancement
allegations noticed by the State at the later date. Id.

 At the new punishment hearing, the prosecutor explained to the trial court that Appellant was
improperly sentenced to a second-degree felony at his first trial when the enhancements only
supported an enhancement to a third-degree felony. The prosecutor further noted that Appellant pled
true to the enhancements at the previous punishment hearing. Appellant's counsel, in response,
noted that the prosecutor's statements were correct, and when the trial court questioned whether they
were "here for punishment on a third degree felony," Appellant's counsel stated, "Absolutely."

 The trial court then asked for the State's recommendation, and the prosecutor responded that
"since [Appellant has] pled on now [to] three State Jails," the State recommends that "the Court
sentence him between two to ten, and [the] State is going to ask for ten years." Appellant's counsel,
in return, asked for a five-year sentence. The trial court, however, sentenced Appellant to ten years. 
After Appellant's counsel stated, "Thank you, Judge," the following then occurred:

[Appellant]: Your Honor, can I speak to you?


[Court]: Uh-huh.


[Appellant]: Sir, like, when I'm having this here, right, when I'm having this
appeal here, right, don't I have a chance for a jury or anything else?


[Court]: Not anymore.


[Appellant]: Huh?


[Court]: Nope.


[Appellant]: I thought he said, like -


[Court]: Have him sit over there so you can explain it to him. [Appellant's
counsel], explain this to him. He thinks he's getting entitled to a new
jury trial.


Court was then adjourned.

DISCUSSION

 Appellant brings three issues for our review. The first contends that the trial court failed to
hold a full punishment hearing on remand, faulting the court for not re-reading the enhancement
allegations and taking his pleas to the same. The second assumes that if there was no plea of true,
then the State failed to offer sufficient proof of the prior convictions. And the third challenges
counsel's effectiveness. We find no merit in any of the issues raised.

Failure to Read Enhancements and Take Appellant's Pleas

 In Issue One, Appellant contends that he was denied due process and due course of law when
the trial court failed to hold a new trial on punishment. Specifically, Appellant asserts reversible
error when the trial court failed to read the enhancement allegations and take his pleas during the
second punishment hearing. The State responds that Appellant waived any procedural error by
failing to object.

 Almost every right, constitutional and statutory, may be waived by failing to object. Smith
v. State, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); Powell v. State, 252 S.W.3d 742, 744 (Tex.
App. - Houston [14th Dist.] 2008, no pet.). Thus, to preserve a complaint for appellate review, a
party must have objected to the trial court, stating the specific grounds for the ruling desired. Tex.
R. App. P. 33.1(a). Accordingly, several courts have held that a party cannot complain for the first
time on appeal that the failure to read the enhancement allegations and to take the defendant's plea
to such allegations is reversible error. See Marshall v. State, 185 S.W.3d 899, 903 (Tex. Crim. App.
2006) (stating that a defendant must object when he has "notice that the proceedings may have gone
amiss," and explaining that he has such notice when he learns that the State is seeking a higher
penalty despite the enhancement allegations not being read to the jury); Warren v. State, 693 S.W.2d
414, 416 (Tex. Crim. App. 1985) (explaining that any error in failing to read and plead to
enhancement allegations is subject to preservation); Lee v. State, 239 S.W.3d 873, 876-77 (Tex. App.
- Waco 2007, pet. ref'd) (holding that the defendant failed to preserve error by not raising the error
in the trial court when the indictment was not read to the jury and the defendant did not enter a plea);
Burley v. State, Nos. 14-09-00868-CR & 14-09-00869-CR, 2010 WL 5238583, at *2 (Tex. App. -
Houston [14th Dist.] Dec. 16, 2010, no pet.) (mem. op., not designated for publication) ("Appellant
argues for the first time on appeal that the failure to read the enhancement allegations to the jury and
to take his plea on the allegations is reversible error. By failing to raise this issue in the trial court,
appellant has not preserved error for our review."); Pope v. State, No. 05-02-01745-CR, 2004 WL
1173202, at *6 (Tex. App. - Dallas May 27, 2004, pet. ref'd) (op. on reh'g, not designated for
publication) ("Appellant did not preserve error at trial by objecting to the failure to enter a plea to
the enhancement. . . . Therefore, we conclude appellant has not preserved any issue for appeal on
this point.").

 Here, Appellant did not object at the new punishment hearing that the trial court should have
read the enhancement allegations and asked for his pleas to the same. Rather, he joined in with the
prosecutor in representing that the parties were there for sentencing on a third-degree felony and that
Appellant previously pled true to the enhancement allegations. The trial court then sentenced
Appellant without any objection that it did not read the enhancement allegations or take Appellant's
pleas to the same. Therefore, because Appellant did not object to this procedural error, we hold the
error, if any, is not preserved for our review. See Burley, 2010 WL 5238583, at *2; Pope, 2004 WL
1173202, at *6.

 In any case, we find that the trial court did not err by failing to read the enhancement
allegations or to take Appellant's plea. The reading of enhancement allegations and the entry of the
defendant's plea thereto are mandatory, and therefore, no issue is joined between the State and the
defendant with respect to the defendant's prior criminal record if this is not done. Turner v. State,
897 S.W.2d 786, 788 (Tex. Crim. App. 1995); Warren, 693 S.W.2d at 415. However, when it is the
trial court alone that assesses punishment, there is no requirement that the enhancement allegations
be read or that the trial court even take the defendant's plea. Seeker v. State, 186 S.W.3d 36, 39
(Tex. App. - Houston [1st Dist.] 2005, pet. ref'd); Garner v. State, 858 S.W.2d 656, 659 (Tex. App.
- Fort Worth 1993, pet. ref'd). "Although it is preferred that trial courts read the enhancement
paragraphs orally and find them to be true or not true on the record, a trial court does not err by not
doing so." Seeker, 186 S.W.3d at 39; Garner, 858 S.W.2d at 660. Accordingly, based on these
authorities, we hold that the trial court did not err by failing to read the enhancement allegations and
to take Appellant's plea to the same during the new punishment hearing. Issue One is overruled.

Sufficient Proof of Prior Convictions

 In Issue Two, Appellant, noting that the trial court did not take his plea of true to the
enhancement allegations, asserts that absent his plea of true, there was no proof of the prior
convictions. Thus, he concludes that the court could not assess an enhanced sentence. We disagree.

 A defendant's plea of "true" to an enhancement paragraph will satisfy the State's burden of
proof for enhancement allegations. Wilson v. State, 671 S.W.2d 524, 526 (Tex. Crim. App. 1984). 
Because a plea of "true" is sufficient, the fact that the defendant entered a plea of "true" must be
affirmatively reflected by evidence in the record. See id. Such may be shown by a recital in the
judgment. See Breazeale v. State, 683 S.W.2d 446, 450 (Tex. Crim. App. 1985) (op. on reh'g)
(concluding that although record did not include document showing formal waiver of trial by jury,
appellants did not overcome presumption of truth of recital in judgment that they did waive right to
jury). Here, the judgment reflected that Appellant pled true to the enhancements; thus, the State's
burden of proof for the enhancement allegations was satisfied. Wilson, 671 S.W.2d at 526. Moreover, we must presume that a defendant was arraigned and pled to the charging
instrument "unless such matters were made an issue in the court below, or otherwise affirmatively
appears to the contrary from the record." Warren, 693 S.W.2d at 416. Certainly, that was not made
an issue below, but rather counsel joined in representing to the court that Appellant previously pled
true to the enhancement allegations and that the parties were simply there on sentencing. Nor does
the contrary appear in the record as the prosecutor represented that Appellant previously pled true
and the judgment reflects that Appellant pled true. Therefore, Appellant has not overcome the
presumption that he failed to plead true, much less that the State's proof of the prior convictions was
insufficient. Issue Two is overruled.

Ineffective Assistance of Counsel

 Appellant's third issue alleges that counsel was ineffective for failing to ensure that the trial
court conducted a full resentencing hearing or otherwise protect his right to a jury upon resentencing. 
Specifically, Appellant contends that on remand, he regained the right to choose to be sentenced by
a jury, and that his counsel was unaware the he had that right and did nothing to protect that right. 
Thus, Appellant concludes that he is entitled to a new punishment hearing.

 Claims of ineffective assistance of counsel are reviewed under the standard set forth in
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That standard
requires the defendant to prove (1) that his trial counsel's performance was deficient, and (2) that
such deficient performance was so serious that it deprived the defendant of a fair trial. Id. at 687. 
In other words, the defendant must prove, by a preponderance of the evidence, that counsel's
representation fell below the objective standard of prevailing professional norms, and that there is
a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have
been different. Id. at 690-94.

 Of course, our review of defense counsel's performance is highly deferential, beginning with
the strong presumption that the attorney's actions were reasonably professional and were motivated
by sound trial strategy. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (en banc). 
Thus, when the record is silent as to counsel's strategy, we will not conclude that counsel's
assistance was ineffective unless the challenged conduct was "'so outrageous that no competent
attorney would have engaged in it.'" Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App.
2005) (quoting Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

 Here, the record reflects that Appellant's claim of ineffective assistance is not firmly founded
in the record. Although the trial court asked counsel to explain to Appellant whether he was entitled
to a jury trial on punishment after sentencing, counsel's explanation was not on the record. We do
not know what counsel said to Appellant, whether counsel knew of or informed Appellant of any
rights to a jury trial on remand, or whether counsel advised Appellant that he could change his
election. Nor do we know if counsel advised Appellant on the matters before the hearing. Indeed,
no record was developed at all for our review concerning counsel's knowledge of the law or his
advice to Appellant. All the record shows is that Appellant elected in his first trial to have the court
assess punishment and did not claim otherwise in the hearing on remand until after sentencing. 
Advising that punishment be assessed by a judge rather than a jury may be strategic, but we cannot
tell if that was counsel's strategy in this case. In short, the record is simply too underdeveloped for
us to conclude that counsel's performance was deficient in this regard. See Bone v. State, 77 S.W.3d
828, 833-34 (Tex. Crim. App. 2002). Accordingly, we decline to find counsel ineffective based on
the limited record here and overrule Issue Three.

CONCLUSION

 Having overruled Appellant's issues, we affirm the trial court's judgment.


 GUADALUPE RIVERA, Justice

August 31, 2011


Before Chew, C.J., McClure, and Rivera, JJ.


(Do Not Publish)