

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-13-00231-CR
_____

MAURICE MONTAIL THOMPSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from Criminal District Court Number Four
Tarrant County, Texas
Trial Court No. 1315176D; Honorable Michael Thomas, Presiding

February 25, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Maurice Montail Thompson, was convicted in a bench trial of the offense of retaliation and sentenced to four years confinement.[1] By a sole issue, he maintains the retaliation charge was never properly joined because he did not enter a

---

[1] TEX. PENAL CODE ANN. § 36.06(a)(1)(A) (West 2011). Appellant was charged with intentionally or knowingly threatening to harm Officer John Lucas by an unlawful act in retaliation for or on account of his service as a public servant.

plea to the indictment during the joint hearing on the State's motion to proceed with adjudication of guilt on the charge of assault on a family member.[2]  We affirm.

## BACKGROUND

Appellant and his fiancée had been involved in a romantic relationship for a year and a half.  During the evening hours of Valentine's Day in 2013, they argued and she left to "cool off."  When she returned to their apartment, Appellant learned she had been out with a male friend and another argument ensued.  It escalated into a physical altercation—he put his hands around her neck, struck her with his fist and hit her head against a wall.  She fought back to defend herself.  After the fight, they walked to a nearby store.  She called 911 and nonchalantly spoke with the dispatcher so as not to raise Appellant's suspicion but wanted the dispatcher to hear what was transpiring.  The two began walking back to their apartment.

The dispatcher sent out a domestic disturbance call and police officers arrived at the apartment complex.  Appellant's fiancée waited outside for officers to arrive.  The primary officer interviewed her and decided to arrest Appellant.  He was handcuffed and asked to sit on the stairs.  Officer John Lucas assisted and stayed with Appellant while the primary officer returned to the patrol car to retrieve a family violence packet and camera.  Appellant's fiancée was asked to go upstairs and get some identification.

---

[2] The hearing was a joint hearing on the retaliation charge and on the State's motion to adjudicate Appellant guilty for assaulting his fiancée in a separate offense.  The revocation of Appellant's deferred adjudication in the other case is the subject of a separate appeal.  *See Thompson v. State*, No. 07-13-00230-CR, 2014 Tex. App. LEXIS __ (Tex. App.—Amarillo Feb. 25, 2014, no pet. h.) (issued this same date).

Officer Lucas testified that when the primary officer walked away, Appellant began screaming and cussing at his fiancée and jumped to his feet as she came down the stairs. Fearing another assault against the fiancée, Officer Lucas gave verbal commands for Appellant to stop. When his commands went unheeded, he grabbed Appellant and placed him against the wall. Appellant pushed off the wall and came towards him. At that point, Officer Lucas took Appellant to the ground to restrain him.[3] According to Officer Lucas, Appellant threatened to look him up and "f--- you up."

Appellant testified and denied threatening Officer Lucas. He also testified the injuries on his fiancée's face were caused when she barricaded herself in the bathroom during their argument. He denied assaulting her on the evening of February 14th.

### ANALYSIS

Appellant's sole complaint is that the issue of retaliation was never joined because he did not enter a formal plea at the bench trial. The State counters that Appellant procedurally defaulted his complaint. We agree with the State.

First of all, we note that the offense the subject of this proceeding is the same offense that was the subject of the third alleged violation of Appellant's community supervision in the proceeding described in footnote 2 above. In this joint hearing, Appellant did enter a plea of "Not True" to those allegations. While this fact alone may have sufficiently joined the issue, we note article 36.01 of the Texas Code of Criminal Procedure prescribes the order of proceedings in a *jury* trial, not a bench trial. *See* TEX.

---

[3] Both Appellant and his fiancée testified Officer Lucas was overly aggressive.

3

CODE CRIM. PROC. ANN. art. 36.01(a).[4]  *See also Thornton v. State*, 957 S.W.2d 153, 156 (Tex. App.—Fort Worth 1997), *aff'd* 986 S.W.2d 615 (Tex. Crim. App. 1999) (noting that article 36.01 guides only a trial by jury).  Article 36.01 provides that the indictment or information shall be read to the jury and a plea entered to join the issue between the State and the defendant.  *See id.*  *See also Peltier v. State*, 626 S.W.2d 30, 31 (Tex. Crim. App. 1981).  *But see Shelton v. State*, No. 01-85-0292-CR, 1986 Tex. App. LEXIS 12762 at *8 (Tex. App.—Houston [1st District] Apr. 3, 1986, no pet.) (stating that where the accused has been arraigned and fully apprised of the charges against him, it was not error to omit reading the indictment).  The rationale for the rule is to inform the defendant and the jury of the charges at issue and to allow the jury to hear the defendant admit or refute the charges.  *See Martinez v. State*, 155 S.W.3d 491, 495 (Tex. App.—San Antonio 2004, no pet.).

Furthermore, a violation of article 36.01(a) is not the type of error that may be raised for the first time on appeal.  *See Lee v. State*, 239 S.W.3d 873, 876 (Tex. App.—Waco 2007, pet. ref'd) (holding that an objection is required to preserve error regarding an article 36.01(a) complaint).  The error must be brought to the trial court's attention to preserve it for appellate review.  *See* TEX. R. APP. P. 33.1(a)(1).  *See also Cantu v. State*, 939 S.W.2d 627, 646 (Tex. 1997).

When the hearing commenced, the trial court read the allegations brought by the State in the motion to proceed and Appellant entered his pleas to those allegations. Thereafter, the State called its first witness, Appellant's fiancée, and the trial proceeded. The indictment on the retaliation charge was not read and Appellant was not asked to

---

[4] Chapter 36 of the Code is entitled "The Trial Before the Jury."

4

enter a plea to that charge.  Appellant did not lodge an objection to the trial court's failure to request a plea.  We conclude that error, if any, is not properly before us.  *See Lee*, 239 S.W.3d at 876.  Accordingly, Appellant's sole issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.