

# IN THE
# TENTH COURT OF APPEALS

No. 10-14-00147-CR
No. 10-14-00148-CR

**RICHARD STEVEN MCCLELLAN,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

From the 21st District Court
Burleson County, Texas
Trial Court Nos. 14,324 and 14,325

## MEMORANDUM OPINION

In these two cases, Appellant Richard Steven McClellan made an open guilty plea to the first-degree felony offense of aggravated sexual assault and to three counts of the second-degree felony offense of indecency with a child by contact. The trial court found Appellant guilty and, after a punishment hearing, sentenced Appellant to ninety-nine years' imprisonment for aggravated sexual assault and to twenty years' imprisonment for each count of indecency with a child by contact, with the sentences to be served

consecutively.[1]  This appeal ensued.

In accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Appellant's court-appointed appellate counsel filed a brief and motion to withdraw, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated.  Counsel's brief meets the requirements of *Anders*; it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal.  *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Appellant's counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgments.  Counsel has informed us that he has:  (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on Appellant; and (3)

---

[1] The victim of the charged offenses was Appellant's "step-granddaughter," whom Appellant confessed to sexually abusing thirty-six times.  The victim's mother testified about the victim's severe emotional and physical problems that were caused by Appellant's sexual abuse and about the effect that it has had on her family overall.  The victim's mother also said that she was aware of outcries by other victims of Appellant and of child pornography charges against Appellant.  Appellant's mother testified that she was also aware of pending child pornography charges against Appellant in Washington.  The punishment record also includes Appellant's admission to law enforcement that his computer likely contained child pornography and that the State of Washington, where Appellant was initially questioned by Texas law enforcement and confessed and was arrested, was prosecuting Appellant for possession of child pornography.  One of Appellant's daughters testified that she found child pornography on Appellant's computer; she also testified that her sister and her aunt (Appellant's sister) each told her that Appellant had sexually abused them.  She opined that Appellant has been sexually abusing children for at least thirty years.

informed Appellant of his right to review the record and to file a pro se response. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also Schulman*, 252 S.W.3d at 409 n.23.

Appellant, who requested and received a copy of the record from the trial-court clerk, has filed a pro se response that raises four issues.[2] Appellant first asserts that the victim's father's position in the community prejudiced Appellant's ability for a fair trial. Because this complaint was not made in the trial court, it is not an arguable ground to advance in this appeal.

Appellant's second issue asserts that his confession was coerced. This complaint was not made in the trial court, and, in any event, by his open guilty pleas, Appellant waived the right to appeal any non-jurisdictional defects that occurred before entry of the pleas, other than voluntariness. *Perez v. State*, 129 S.W.3d 282, 288 (Tex. App.—Corpus Christi 2004, no pet.) (citing *Lewis v. State*, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995); and *Broddus v. State*, 693 S.W.2d 459, 460-61 (Tex. Crim. App. 1985)); *Stahle v. State,* 970 S.W.2d 682, 694 (Tex. App.—Dallas 1998, pet. ref'd) ("The law in this State is well settled that a guilty plea entered without benefit of a plea bargain waives all nonjurisdictional defects occurring prior to entry of the plea."); *see also* TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005). Therefore, it is not an arguable ground to advance in this appeal.

Appellant's third issue complains that his trial counsel was ineffective in

---

[2] The Court of Criminal Appeals has held that "'the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues.'" *Schulman*, 252 S.W.3d at 409 n.23 (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

numerous respects. This issue is not an arguable ground to advance on direct appeal. *See Roberts v. State*, 220 S.W.3d 521, 533 (Tex. Crim. App. 2007); *Scheanette v. State*, 144 S.W.3d 503, 510 (Tex. Crim. App. 2004); *Hervey v. State*, 131 S.W.3d 561, 564 (Tex. App.—Waco 2004, no pet.) ("[T]rial counsel should ordinarily be afforded an opportunity to explain the actions taken or not taken, as the case may be, before being condemned as unprofessional and incompetent.").

Appellant's fourth issue complains that his appointed appellate counsel (who has filed the *Anders* brief and seeks withdrawal) has been ineffective. Based on our finding below that nothing in the record would arguably support an appeal, this issue is plainly not an arguable ground to advance in this appeal.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 349-50, 102 L.Ed.2d 300 (1988). We have reviewed the entire record, counsel's brief, and Appellant's pro se response and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, the judgment of the trial court is affirmed.

In accordance with *Anders*, Appellant's attorney has asked for permission to withdraw as counsel for Appellant. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *see also Schulman*, 252 S.W.3d at 408 n.17 (quoting *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex.

App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.")). We grant counsel's motion to withdraw in each case. Within five days of the date of this opinion, counsel is ordered to send a copy of this opinion and this Court's judgments to Appellant and to advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed August 27, 2015
Do not publish
[CRPM]

---

[3] New appellate counsel will not be appointed for Appellant. Should Appellant wish to seek further review of this case by the Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or from the date the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See id.* at R. 68.3. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* at R. 68.4; *see also Schulman*, 252 S.W.3d at 409 n.22.

