

# NUMBER 13-20-00064-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOSE ROBERTO VELIZ,                                          Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

### On appeal from the 63rd District Court
### of Val Verde County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Silva**
**Memorandum Opinion by Justice Silva**

Following a jury trial, appellant Jose Roberto Veliz was convicted of the second-

degree felony offense of assault involving family violence, impeding breath or circulation

with a prior family violence conviction.[1] *See* TEX. PENAL CODE ANN. § 22.01(a), (b-1), Act of May 21, 2009, 81st Leg., R.S., ch. 427, § 1, 2009 Tex. Gen. Laws 1022–23 (amended 2017 & 2019) (current version at TEX. PENAL CODE ANN. § 22.01(a), (b-3)).[2] The trial court sentenced Veliz to seven years' imprisonment. *See id.* § 12.42(b). By three issues, Veliz argues: (1) the trial court improperly arraigned him by requesting that Veliz plead "true or not true" rather than "guilty or not guilty"; (2) Veliz's "prior conviction for an assault family violence in which [he] pled 'True' [was] in violation of the strict compliance of Texas Code of Criminal Procedure Article 36.01" because the prior conviction was "for enhancement only" and "not jurisdictional"; and (3) "because of what happened at arraignment, these issues fed into an improper jury charge." We affirm.

## I. BACKGROUND

On April 11, 2016, the State read the indictment at the start of trial. The following colloquy, in pertinent part, occurred:

| [STATE]: | Cause No. 138—I'm sorry—13285CR, State of Texas versus Jose Roberto Veliz in the District Court of Val Verde County, Texas, 63rd Judicial District. Indictment: In the name and by authority of the State of Texas, the grand jurors for the County of Val Verde, State of Texas, duly selected, impaneled, sworn, charged and organized as such at the January term, A.D., 2015, of the 63rd Judicial District Court of Val Verde County, upon their oaths present in and to said court, that on or about the 15th day of December, 2014, and before the presentment of this indictment in said county and state, |

---

[1] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. Because this is a transfer case, we are bound to apply the precedent of the transferor court to the extent it differs from our own. *See* TEX. R. APP. P. 41.3.

[2] This statutory provision will be cited and referred to by its applicable, pre-amendment, iteration, Texas Penal Code § 22.01(a), (b-1), throughout.

> Jose Roberto Veliz, defendant, did then and there intentionally, knowingly[,] or recklessly cause bodily injury to Sylvia Martinez, a member of the defendant's family and household or a person with whom the defendant has had a dating relationship, by grabbing Sylvia Martinez with his hand, and by dragging Sylvia Martinez on the ground with his hand and by seizing Sylvia Martinez on or about [sic] the throat or neck with his hand.

THE COURT: To that allegation, how do you plead, guilty or not guilty?

[VELIZ]: Not guilty.

THE COURT: Continue.

[STATE]: And Jose Roberto Veliz did there intentionally, knowingly[,] or recklessly impede the normal breathing and circulation of the blood of Sylvia Martinez, a member of said Jose Roberto Veliz's family and household or with whom Jose Roberto Veliz has had a dating relationship, by applying pressure to the throat or neck of Sylvia Martinez with his hand.

THE COURT: Is that allegation true or not true?

[VELIZ]: Not true.

[STATE]: Jose Roberto Veliz before the commission of the offense had previously been convicted of an offense under Chapter 19, Texas Penal Code, against a member of the defendant's family or household or a person with whom the defendant[] had a dating relationship, to wit, on the 6th day of April, 1993, in the 372nd District Court of Tarrant County, Texas, in Cause No. 0398505D.

THE COURT: Is that allegation true or not true?

[VELIZ]: True.

3

THE COURT:    All right. The Court's going to receive the defendant's plea of not guilty, not true and true to the allegations contained in the indictment.

The State did not read allegations of prior convictions contained in the indictment which were later used for enhancement purposes during punishment. The jury charge contained the same language read by the State at the start of trial. At no point did Veliz object to the State's recitation of the indictment, the trial court's entry of Veliz's plea, or the jury charge's inclusion of his prior assault family violence conviction.

Veliz was convicted and sentenced on April 12, 2016. Veliz timely appealed and thereafter filed a motion to dismiss the appeal. *See* TEX. R. APP. P. 42.2(a). Our sister court dismissed Veliz's appeal on June 29, 2016. *Veliz v. State*, No. 04-16-00264-CR, 2016 WL 3556821, at *1 (Tex. App.—San Antonio June 29, 2016, no pet.) (mem. op., not designated for publication).

On February 11, 2019, Veliz filed an application for post-conviction writ of habeas corpus in the Texas Court of Criminal Appeals, requesting an out-of-time appeal. *See* TEX. R. APP. P. 73.1. Veliz claimed that he "never desired to or wanted to have the appeal dismissed," and he signed the document requesting dismissal "upon false pretense that the document was for the appointment of another attorney for the appeal." On November 6, 2019, the Texas Court of Criminal Appeals issued a mandate granting Veliz's request for an out-of-time appeal. *Ex parte Veliz*, No. WR-89,673-01, 2019 WL 5063428, at *1 (Tex. Crim. App. Oct. 9, 2019) (mem. op., not designated for publication) (per curiam). The appeal before this Court followed.

4

## II.   PRESERVATION

Veliz's first two issues concern the State's inclusion of Veliz's prior conviction for assault family violence during the reading of the indictment and the trial court's entry of Veliz's plea before the jury—each in purported noncompliance with Texas Code of Criminal Procedure article 36.01. *See* TEX. CODE CRIM. PROC. ANN. art. 36.01(a)(1), (2). The State argues that Veliz failed to preserve these issues for review, and therefore, they have been waived. *See* TEX. R. APP. P. 33.1(a). We agree.

"[P]reservation of error is a systemic requirement that must be reviewed by the courts of appeals." *Williams v. State*, No. PD-0477-19, ___ S.W.3d __, __, 2021 WL 2132167, at *5 (Tex. Crim. App. May 26, 2021). As a prerequisite to presenting a complaint for appellate review, "Texas Rule of Appellate Procedure 33.1 requires a timely, specific objection and a ruling by the trial court." *Montelongo v. State*, 623 S.W.3d 819, 822 (Tex. Crim. App. 2021) (citing TEX. R. APP. P. 33.1(a)). The appealing party carries "the burden to bring forth a record showing that error was preserved." *Dixon v. State*, 595 S.W.3d 216, 223 (Tex. Crim. App. 2020).

There are a few exceptions to which Rule 33.1(a) does not apply: (1) "absolute rights," which are "widely considered so fundamental to the proper functioning of our adjudicatory process . . . that they cannot be forfeited . . . by inaction alone"; and (2) "rights that are 'not forfeitable'—they cannot be surrendered by mere inaction, but are 'waivable' if the waiver is affirmatively, plainly, freely, and intelligently made." *Garza v. State*, 435 S.W.3d 258, 260 (Tex. Crim. App. 2014) (quoting *Marin v. State*, 851 S.W.2d 275, 279–80 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947

S.W.2d 262, 264 (Tex. Crim. App. 1997)). "Barring these two narrow exceptions, all errors—even constitutional errors—may be forfeited on appeal if an appellant failed to object at trial." *Id.* at 260–61.

Complaints regarding noncompliance with Texas Code of Criminal Procedure article 36.01, which issues one and two on appeal concern, fall under the purview of Rule 33.1(a). *See Hernandez v. State*, 190 S.W.3d 856, 868 (Tex. App.—Corpus Christi–Edinburg 2006, no pet.) (noting that review of the appellant's article 36.01 complaint was possible because the appellant had objected and preserved error); *see also Cantu v. State*, 939 S.W.2d 627, 646 (Tex. Crim. App. 1997) ("[A]ppellant waived any error by his failure to object to the procedure used by the trial court in its entering of his plea before the jury."); *Lee v. State*, 239 S.W.3d 873, 876–77 (Tex. App.—Waco 2007, pet. ref'd) (concluding that an objection is required to preserve an article 36.01 complaint for review on appeal); *Martinez v. State*, 155 S.W.3d 491, 494–95 (Tex. App.—San Antonio 2004, no pet.) (same).

Veliz did not object to the State's reading of the indictment, wherein the State read aloud the allegation concerning Veliz's prior conviction,[3] or to the trial court's entry of his plea—each matter in alleged contravention of article 36.01. Thus, he has failed to preserve either issue for our review. *See* TEX. R. APP. P. 33.1; *Cantu*, 939 S.W.2d at 646; *Lee*, 239 S.W.3d at 876–77; *Martinez*, 155 S.W.3d at 494–95. We overrule issues one and two.

---

[3] Although we conclude that the aforementioned complaints have been waived, we nonetheless discuss *infra* whether the trial court's inclusion of a defendant's prior family assault violence conviction in the jury charge during the guilt or innocence portion of trial was erroneous given that the resolution of Veliz's third issue is predicated on this question.

### III.    CHARGE ERROR

By Veliz's third issue, he argues the trial court erred by including his prior criminal conviction as an element of the charged offense in the submitted jury charge at the guilt-innocence phase of trial.

The standard of review for assessing harm from "jury-charge error depends on whether the error was preserved." *Gonzalez v. State*, 610 S.W.3d 22, 27 (Tex. Crim. App. 2020) (citing *Jordan v. State*, 593 S.W.3d 340, 346 (Tex. Crim. App. 2020)); *see Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Where, as here, error was not preserved with a timely objection, such error is only reversible if we determine the error "caused the defendant 'egregious harm.'" *Gonzalez*, 610 S.W.3d at 27. "Errors that result in egregious harm are those that affect the very basis of the case, deprive the defendant of a valuable right, or vitally affect a defensive theory." *Id.* (quoting *Ngo v. State,* 175 S.W.3d 738, 743 (Tex. Crim. App. 2005)) (cleaned up).

The purpose of the trial court's jury charge is to instruct the jurors on the law applicable to the case; the trial court is under no obligation to instruct jurors on inapplicable law. *Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015); *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012); *see* TEX. CODE CRIM. PROC. ANN. art. 36.14. Two statutory provisions are directly relevant to the present case. The first is Texas Penal Code § 22.01, which prescribes the offense of assault family violence. Under § 22.01(a), (b-1), a person commits an offense of second-degree assault involving family violence if the person "intentionally, knowingly, or recklessly causes bodily injury to another," and:

7

(1) the offense is committed against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code;

(2) it is shown on the trial of the offense that the defendant has been previously convicted of an offense under this chapter, Chapter 19, or Section 20.03, 20.04, or 21.11 against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code; *and*

(3) the offense is committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth.

TEX. PENAL CODE ANN. § 22.01(a), (b-1) (emphasis added).

The second relevant provision, found in Texas Code of Criminal Procedure Article 36.01, regards when prior-conviction allegations may be read at trial:

(a) A jury being impaneled in any criminal action, except as provided by Subsection (b) of this article, the cause shall proceed in the following order:

1. The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07.

TEX. CODE CRIM. PROC. ANN. art. 36.01(a)(1). Notably, the article 36.01(a)(1) preclusion rule only applies to allegations of prior convictions which are used for punishment enhancement purposes; it does not apply to prior-conviction allegations which are "jurisdictional." *Oliva v. State*, 548 S.W.3d 518, 529 (Tex. Crim. App. 2018).

Several appellate courts have determined that prior conviction allegations for family violence under § 22.01 are jurisdictional and "must be included in a hypothetically correct charge and proven beyond a reasonable doubt." *Reyes v. State*, 314 S.W.3d 74,

81 (Tex. App.—San Antonio 2010, no pet.); *see also Walker v. State*, No. 02-19-00309-CR, 2020 WL 7063298, at *2 (Tex. App.—Fort Worth Dec. 3, 2020, no pet.) (mem. op., not designated for publication) (noting that "almost all of the fourteen Texas intermediate appellate courts have concluded that proof of a prior assault conviction is an element of the offense of felony assault–family violence"); *Garcia v. State*, No. 13-15-00508-CR, 2016 WL 4040201, at *2 (Tex. App.—Corpus Christi–Edinburg July 28, 2016, pet. ref'd) (mem. op., not designated for publication) (setting forth the elements required for the State to prove a second-degree assault family violence offense, which includes proving a prior conviction for assault causing family violence); *Zavala v. State*, No. 03–05–00051–CR, 2007 WL 135979, at *1 (Tex. App.—Austin Jan. 22, 2007, no pet.) (mem. op., not designated for publication) (same). More recently, the Texas Court of Criminal Appeals concluded similarly in its analysis of "the aggravating facts contained in Section 22.01(b)(2) of the Texas Penal Code," a statutory provision which proscribes for alternative ways "to elevate simple bodily assault from a Class A misdemeanor to a third-degree felony" assault. *See Holoman v. State*, 620 S.W.3d 141, 143 (Tex. Crim. App. 2021); *see* TEX. PENAL CODE ANN. § 22.01(b)(2). The court held that "the prior-assault-on-a-family-member-conviction [in § 22.01(b)(2)(A)] . . . establishes an element of an aggravated crime and not, alternatively, a punishment enhancement." *Holoman*, 620 S.W.3d at 146–47. Thus, it must be proven at the guilt phase of trial. *Id.*

As such, a proper jury charge here is one which would instruct the jury to find Veliz guilty of second-degree assault family violence if the State proved beyond a reasonable doubt that: (1) Veliz intentionally, knowingly, or recklessly caused bodily injury to

Martinez; (2) Martinez was a person "whose relationship to or association with [Veliz] is described by Section 71.0021(b), 71.003, or 71.005, [of the] Family Code"; (3) Veliz committed the offense by "intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of [Martinez] by applying pressure to [Martinez's] throat or neck or by blocking [Martinez's] nose or mouth"; *and* (4) Veliz was previously convicted of an offense involving family violence. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b-1); *see also Garcia*, 2016 WL 4040201, at *2.

The jury charge submitted here followed the statutory language nearly verbatim and was not erroneous in its inclusion of the allegation of Veliz's prior conviction—a requisite jurisdictional element of a second-degree assault family violence offense. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b-1); *Cortez*, 469 S.W.3d at 598; *see also Holoman*, 620 S.W.3d at 146–47. Therefore, the trial court did not err in its submission. *See* *Gonzalez*, 610 S.W.3d at 27; *Cortez*, 469 S.W.3d at 598. We overrule Veliz's third issue.

### III.    CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
7th day of October, 2021.